[No. 2800.  Decided February 24, 1898.]

CARLSON BROS. & COMPANY, *Appellant*, v. A. T. VAN DE VANTER, *as Sheriff of King County, Washington, Respondent.*

APPEAL — EXTENSION OF TIME FOR FILING BRIEFS — JUDGMENT OF DISMISSAL — FAILURE TO FURNISH SECURITY FOR COSTS — FOREIGN WITNESSES — MILEAGE.

An extension of time given appellant by stipulation, in which to file his brief, would not excuse respondent from filing his answering brief within the time prescribed by the rules of court, unless an extension of time had also been accorded the latter by stipulation.

A judgment dismissing an action is warranted, when plaintiff has failed to comply with an order of the court requiring him to give security for costs on the ground of non-residence.

A witness from outside the state, who attends a trial for the purpose of testifying in the case, is entitled to mileage within the borders of the state.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.  Affirmed.

*Stiles & Harvey*, for appellant:

For the first time the question is presented to this court, will witnesses residing out of the state be allowed claims for mileage?  We believe the correct rule to be that a party should be allowed the fees and mileage of witnesses who attend the trial of an action, either upon the service of the subpoena or voluntarily, within the jurisdiction of the court to issue a subpoena.  *Stern v. Herren*, 101 N. C. 516;  *Sapp v. King*, 66 Tex. 570;  *Spaulding v. Tucker*, 2 Sawy. 50;  *Wooster v. Hill*, 44 Fed. 819;  *Sloss Iron, etc., Co. v. South Carolina & G. R. Co.*, 75 Fed. 106;  *In re Vernon*, 36 Fed. 115;  *Anon*, 5 Blatch. 134;  *Den-*

*nis v. Eddy*, 12 Blatch, 198; *Russell v. Ashley*, 1 Hempst. 546. The court has no jurisdiction to issue a subpoena beyond the limits of the county unless the witness resides within twenty miles of the place of trial. Code Proc., § 1650 (Bal. Code, § 5995); *State, ex rel. Timm, v. Trounce*, 5 Wash. 804.

*Bausman, Kelleher & Emory*, for respondent:

In support of the rule that mileage can be recovered for the whole distance traveled by witnesses within and without the jurisdiction of the court, counsel cite *Prouty v. Draper*, 2 Story, 199; *Whipple v. Manufacturing Co.*, 3 Story, 84; *Hathaway v. Roach*, 2 Woodb. & M. 63; *United States v. Sanborn*, 28 Fed. 299.

The opinion of the court was delivered by

DUNBAR, J.—The appellant, upon the argument of this case, moved to strike the brief of the respondent from the files for the reason that the same had not been served according to the rules of this court, which motion was sustained at the time. The respondent asserted, and the record shows, that the time for the filing of appellant's brief had been extended by stipulation, but we are unable to say that this gives any right to the respondent to ignore the law in regard to the time of filing his brief. If he desired further time he should have pursued the course which the appellant pursued and obtained a stipulation, or have attempted at least to have obtained a stipulation, and, had he failed in this, then he would have known that his brief must be prepared and served within the time required. On the merits, however, disregarding the respondent's brief and considering only the brief of the appellant and the record in the case, we think the appeal is without merit. This was an action prosecuted against the respondent as

3—19 WASH.

sheriff of King county to recover damages for the wrongful conversion of certain personal property, alleged to belong to the appellant, of the alleged value of $650. Upon the day appointed for a trial the appellant was not ready to sustain his complaint by testimony, and the court, as asserted by the appellant, dismissed the same for want of prosecution, and it is urged that the court abused its discretion in so doing. But, in addition to the fact that no exception was taken to the ruling of the court on this proposition, the record further shows that the appellant (who was plaintiff below) had neglected to comply with the order of the court in regard to costs, the court having adjudged that the plaintiff should make provision for costs on the ground of non-residence. The judgment of the court is as follows:

"This cause coming on to be heard duly and regularly, on this 24th day of June, 1897, the defendant being present in person and by his attorneys, Richard Winsor and Bausman, Kelleher & Emory, and the plaintiff being present by its attorneys, Condon & Wright, and a request for a continuance having been made on behalf of said plaintiff, but no formal showing having been made therefor, and it appearing further that heretofore an order was duly made, commanding said plaintiff to give security for costs, on the ground of non-residence, and it further appearing that said plaintiff has failed to comply with the said order, and the attorneys for the defendant having resisted said formal request for a continuance in open court, and said plaintiff having failed and neglected to produce any testimony or proof whatsoever in support of the allegations of its complaint, and the defendant, by his counsel, having announced himself ready for trial,

" Now, therefore, the court being fully advised in the premises, it is hereby

" ORDERED AND ADJUDGED that the foregoing action be dismissed by the court for lack of prosecution and for failure to comply with the court's order requiring security for costs."

The record further shows that at the date of the trial, which was a date stipulated by the attorneys for the respective parties, there was no objection on the part of the counsel for the defendant to allowing the counsel for the plaintiff sufficient time to make a showing to sustain their motion for a continuance, but no showing was made, and it was conceded that no showing could be made at that time, and the statements which were made to the court were the purest hearsay. But in any event, it would have been within the power of the court to have dismissed this action for the other reason assigned in the judgment, and there is no showing made, or attempted to be made, to justify the failure of the plaintiff in that respect.

The only other question in the case, and the only one which is properly here, is as to the mileage allowed the witness Nasset. It appears from the record that the witness lived at Grant's Pass, in Oregon, and the court allowed him mileage from Kalama, Washington, to the place of trial, and one day's attendance. It is the contention of the appellant that mileage cannot be allowed a witness for any greater distance than twenty miles, that being the distance which he is compelled to go in answer to a subpoena. We have examined the authorities on this proposition, and find them conflicting, so that we feel at liberty to lay down a rule governing this question in this state which commends itself to us as being right. We think it has been almost, if not entirely, the uniform practice of the trial courts to allow witnesses their mileage within the borders of the state whenever it was made to appear to the court that the witness attended the trial for the purpose of testifying in the case. That rule we think is founded in fairness and should be followed. We therefore hold that the court did not commit error in allowing the mileage complained of.

The judgment will be affirmed, the respondent to recover the costs of this appeal with the exception of the cost of the respondent's brief.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.