[No. 11415.   Department Two.   January 8, 1914.]

## W. D. WOHLFORTH, *Respondent*, v. CHRIST. KUPPLER, *Appellant*.[1]

PLEADING—ANSWER—ARGUMENTATIVE DENIAL—REPLY. Where new matter in an answer setting up defendant's version of the transaction amounts only to a denial of the complaint, a reply thereto is not necessary.

CONTRACTS—BREACH—DEFENSES. It is no defense to an action for the breach of a contract to employ the plaintiff to do the plastering of a building, under construction by defendant, that the architects had not consented to a subcontract, as required in the principal contract, where it did not appear that his consent had been asked or that he had refused consent; especially where the defendant was the one who should have secured such consent.

[1]Reported in 137 Pac. 477.

WITNESSES—FEES—MILEAGE. Costs may be taxed for the mileage of a witness coming to attend the trial from Oregon, where his business was located, although his home was in Seattle.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered May 10, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for breach of contract. Affirmed.

*Van Nuys & Hunter*, for appellant.

*John W. Roberts* and *George L. Spirk*, for respondent.

PARKER, J.—The plaintiff seeks recovery of damages which he alleges resulted to him from the failure of the defendant to permit him to do the plastering in the construction of a school building, at Port Angeles, in pursuance of a contract entered into between them. The plaintiff claims damages measured by the loss of profit which he would have made had he been permitted to proceed with his contract for the plastering. The defendant had the contract for the construction of the entire building. A trial before the court and a jury resulted in verdict and judgment in favor of the plaintiff for $400, from which the defendant has appealed.

It is first contended by counsel for appellant that the trial court erred in denying their motion for judgment upon the pleadings, made at the commencement of the trial. This motion was rested principally upon the alleged insufficiency of respondent's reply to the new matter set up in appellant's answer. In answer to this contention, we think it is sufficient to say that we regard the new matter alleged in appellant's answer as amounting to little more, in legal effect, than a denial of the facts alleged in respondent's complaint. It does little else than set up appellant's version of the dealings between him and respondent, which only negatives the allegations of the complaint. Under such circumstances, the reply is of but little consequence. It may be well doubted that a reply was necessary at all in this case. In any event, it denied all new matter in the answer which called for denial

by reply. *Davidson Fruit Co. v. Produce Distributors Co.,* 74 Wash. 551, 134 Pac. 510; *Smith Sand & Gravel Co. v. Corbin,* 75 Wash. 635, 135 Pac. 472. We think there was clearly no error in denying the motion for judgment on the pleadings.

The specifications for the construction of the building, which were a part of the contract between appellant and the school board, provided that "the contractor shall not assign or sublet the whole or any part of his contract work without the written consent of the architects." Counsel upon both sides assume that no such written consent was ever given as to the contract between the parties here. The record is absolutely silent as to whether such consent was ever asked for, or whether it would have been denied if asked for. It seems, from the record, that it is fair to assume that there was no occasion to ask for such consent, since it is plain that respondent was prevented by appellant from proceeding with the plastering of the building. It is contended on behalf of appellant that the contract was illegal, and therefore no contract, because made, if at all, in violation of this provision of the specifications in the original contract. If it affirmatively appeared that the consent of the architects to this contract had been refused, or that it could, in no event, have been procured, there would be some merit in the contention of counsel for appellant, in view of the fact that respondent knew of this provision in the original specifications, upon which he figured. But it is not claimed, nor even hinted in this record, that appellant could not have procured the consent of the architects to respondent's plastering the building. It seems to us that appellant cannot be heard to deny the binding force of the contract, in the absence of any showing whatever on the question of the architects' consent. It was, at least, appellant's duty to request such consent. He was the one who was dealing directly with the architects and the school authorities; and while it might not be said that he guaranteed the consent of the architects.

when he entered into the contract with respondent, he at least should have made some effort looking to the procuring of the architects' consent. Counsel for appellant rely principally upon *Tribou v. School District etc.*, 66 Wash. 703, 119 Pac. 838, in support of their contention that the contract is illegal and unenforceable. In that case, however, the question of the validity and binding force of the subcontract was involved in a controversy as to the rights of the school district, which knew nothing of the subcontract. We are of the opinion that, this being a controversy between the contractor and the subcontractor, that case is in no wise controlling. There is nothing before us to indicate that the contract here involved was illegal or unenforceable as between these parties. That it may have been rendered so for want of consent of the architects, does not argue against its validity and binding force, in the absence of any showing whatever touching the procuring of the architects' consent.

It is contended that the trial court erred in denying appellant's motion to retax costs by striking therefrom an item of $32, for mileage of a witness coming from Oregon to attend the trial to testify in behalf of respondent. This contention is rested upon the theory that, because the witness was a resident of Seattle, he was not entitled to mileage from the state line, in coming to attend the trial. The record shows that, while this witness had his home in Seattle, he had, for the previous several months, been in Portland, in the state of Oregon, where his entire business interests are located. We think, under such circumstances, he was entitled to mileage the same as if he were a permanent resident of the state of Oregon. We think the spirit of the law does not require a witness to come from a distance, where his business is permanently located, to attend a trial without the usual mileage fees, any more than as if his residence were at such place. Had his home been there, he would, of course, have

been entitled to mileage as a witness.  *Carlson Bros. & Co.
v. Van De Vanter*, 19 Wash. 32, 52 Pac. 323.

It is strenuously argued that the trial court erred in de-
clining to take the case from the jury and decide it in favor
of appellant, as a matter of law, upon the conclusion of the
evidence, when the sufficiency of the evidence was challenged
by respondent.  This contention involves only questions of
fact touching the question of the making of the contract here
involved.  We deem it sufficient to say that we have read
all the evidence brought here, and conclude that it is ample
to support the verdict, which included the finding by the
jury that the contract was actually entered into.

The judgment is affirmed.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., con-
cur.