[No. 11647. Department Two. April 23, 1914.]

JOSEPH H. BOWDEN et al., *Respondents*, v. WALLA WALLA VALLEY RAILWAY COMPANY et al., *Appellants*.[1]

STREET RAILROADS—INJURIES — CONTRIBUTORY NEGLIGENCE — FAILURE TO LOOK—EVIDENCE—SUFFICIENCY. The driver of an automobile, struck by a street car at a country crossing, is guilty of contributory negligence, as a matter of law, where it clearly appears from plaintiffs' evidence, that, as the car and automobile were approaching the crossing at about the same speed, the car might have been seen at any point from forty to one hundred feet from the crossing if the driver of the automobile had looked in the direction of the approaching car, and he only looked in that direction once, through a window in the curtain, at a point from 150 to 175 feet from the crossing, when the car was in plain sight according to witnesses for the plaintiffs who were in the car and saw the driver paying no attention to the car.

APPEAL—REVIEW—VERDICT. Where a verdict, in spite of evidence of plaintiffs' contributory negligence was for the plaintiff, but for wholly inadequate damages, it is evident that the jury believed plaintiffs were not blameless.

[1]Reported in 140 Pac. 549.

Appeal from a judgment of the superior court for Walla
Wall county, Mills, J., entered March 26, 1913, upon the
verdict of a jury rendered in favor of the plaintiffs, in an ac-
tion in tort. Reversed.

*Rader & Barker*, for appellants.

*John F. Watson* (*Thos. H. Brents*, of counsel), for re-
spondents.

Morris, J.—Appeal from a judgment in an action to re-
cover for personal injuries, received by respondents in a
collision between their automobile and one of appellant com-
pany's cars. The errors assigned are in failing to grant
motions for nonsuit and for judgment notwithstanding ver-
dict. The testimony of respondents is to the effect that, on
January 26, 1913, a bright, sunny day, at about 3:40 p. m.,
they approached the crossing where the collision occurred
driving at about twenty miles an hour; that the top of the
automobile was up, and the side curtains on the left-hand
side; that, when about one hundred and fifty to one hundred
and seventy-five feet from the crossing, they looked up and
down the track but saw no car coming and heard no whistles
or other signals of an approaching car; that they did not
again look, but reducing the speed of the automobile to
about fifteen miles an hour, drove onto the crossing, and
that, as they reached the track, the car, seen then for the first
time, came upon them from the left, hitting the automobile
at about the front seat.

The exact location of this crossing does not appear in the
record, but it was evidently a country crossing. Mr. Bowden
testifies that he was familiar with the crossing and made it
every afternoon; that, from a point one hundred feet from
the crossing, he could see a car two hundred feet away; that,
at fifty feet he could see a car two hundred and fifty to three
hundred feet, and at forty feet a car three hundred feet away
would be in plain sight. The first witness for respondents was

riding in the car, saw the automobile approaching the car, and thinks ‘the automobile and car were running at about the same speed. The people in the automobile were not looking toward the car and seemed to be unconscious of its approach. This witness does not recall hearing any whistles blown, although he says they might have been blown. The next witness for respondents was also in the car; says he heard two short whistles blown for the stop at the crossing, but heard no other whistles. The remaining testimony in chief in behalf of the respondents was as to the result of the collision and the nature and extent of the injuries to both respondents. Appellants then moved for a nonsuit, which the court denied, saying:

"With considerable misgivings, I deny the motion for a nonsuit in this case. It does seem to me that there is a scintilla of evidence as to the negligence on the part of the railroad company, and therefore I will deny the motion and allow an exception."  ·

From a review of this testimony, we think the lower court was in error in not granting a motion for nonsuit. Whether or not there was, as said by the lower court, "at least a scintilla of evidence as to negligence upon the part of the railroad company," need not be discussed. The basis of the motion was the contributory negligence of the respondents, and this, we think, is clearly established by their own testimony. It clearly appears that, as the car and automobile were approaching the crossing at about the same rate of speed, if respondents had looked to the left, the direction in which the car came, at any point from forty to a hundred feet, before reaching the crossing, the approaching car could have been seen from two hundred to three hundred feet away. These are not facts discovered for the purpose of testimony in this case, but facts which had been within the knowledge of the respondent Joseph H. Bowden for some time, as he crossed at this point every afternoon, and knew it and its surroundings well. The only look he gave in the direction from which the

car came was at a point from one hundred and fifty to one hundred and seventy-five feet away, looking through the window in the curtain. The car must have been in plain sight at that time, according to the testimony of the witnesses for respondents who were in the car and could see the respondents approaching the car, paying no attention to the car and apparently unconscious of its approach.

The driver of an automobile, approaching such a crossing as the one in this case, must make reasonable use of his senses to guard his own safety, and the failure to do so is negligence. Such a person cannot take a last look at one hundred and fifty to one hundred and seventy-five feet distance from the crossing, and then shut his eyes and go blindly forward. While we shall not attempt to say within what distance respondents should have looked for an approaching car before attempting the crossing, the law does require that such a look must be taken within such a distance as to enable one to ascertain whether or not there is an approaching car in sight. *Beeman v. Puget Sound Traction, Light & Power Co.,* *ante* p. 137, 139 Pac. 1087, and cases there cited. Had respondent taken such precaution, this accident would not have happened.

The jury returned a verdict in the sum of $300. We shall not refer to the character of the injuries sustained by respondents. It is enough to say that the sum of $300 is wholly inadequate to compensate for the injuries sustained. Special damages were proven to the extent of nearly $250, and it is evident from the size of the verdict that the jury believed that the respondents were not blameless and must, for this reason, bear the larger part of the burden of resulting damages. The following cases are in point: *Woolf v. Washington R. & Nav. Co.,* 37 Wash. 491, 79 Pac. 997; *Cable v. Spokane & Inland Empire R. Co.,* 50 Wash. 619, 97 Pac. 744, 23 L. R. A. (N. S.) 1224; *Helliesen v. Seattle Elec. Co.,* 56 Wash. 278, 105 Pac. 458; *Johnson v. Washington Water Power Co.,* 73 Wash. 616, 132 Pac. 392. Having

reached this conclusion, we will not discuss the case as made by the testimony of the appellants.

Reversed, and remanded with directions to dismiss.

CROW, C. J., MOUNT, and PARKER, JJ., concur.