[No. 11739.   Department Two.   April 28, 1914.]

OTTO WESLEY ALDREDGE, *Appellant*, v. OREGON-WASHINGTON
RAILROAD AND NAVIGATION COMPANY *et al.*,
*Respondents.*[1]

RAILROADS—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.
The driver of a horse and laundry wagon along a highway parallel
to a railroad, is guilty of contributory negligence, as a matter of
law, in driving upon a crossing without stopping, looking, or listen-
ing for a train, which he might have seen and heard if he had
stopped and looked.

TRIAL—VIEW—DIRECTED VERDICT.   Upon motion for a directed
verdict, the trial court may consider a view of the premises as evi-
dence the same as the jury could have done.

COSTS — WITNESS FEES — MILEAGE.   In taxing costs, the court
should allow mileage of nonresident witnesses from the state line
to the place of the trial.

Appeal from a judgment of the superior court for Walla
Walla county, Mills, J., entered June 12, 1913, upon the
verdict of a jury rendered in favor of the defendants by di-
rection of the court, in an action for personal injuries sus-
tained at a railroad crossing.   Affirmed.

*John F. Watson* (*Thos. H. Brents*, of counsel), for appel-
lant.

*Dunphy, Evans & Garrecht, A. C. Spencer*, and *W. A.
Robbins*, for respondents.

MOUNT, J.—Action for personal injuries.

At the close of all the evidence offered at the trial of the
case in the court below, the court directed a verdict in favor
of the defendants.   The plaintiff has appealed from the judg-
ment entered thereon.

It appears that, on the 22d day of October, 1912, while
the plaintiff was driving across the tracks of the defendant
railroad company, he was run down by a train.   The horse

[1]Reported in 140 Pac. 550.

which he was driving was killed, or so badly injured that it was necessary to kill him; the wagon was destroyed; and the plaintiff's leg was broken, and he was otherwise injured. The plaintiff was injured at a crossing of the railroad company described in the record as "Offner's crossing." This crossing is about a mile west of Thirteenth street, in the city of Walla Walla. College Place road, which is immediately south of the railroad, extends directly west from Thirteenth street to Offner's crossing. This road is a common public road sixty feet wide. The railway track of the defendant company runs alongside and parallel with College Place road, from the city of Walla Walla to Offner's crossing. The right of way of the railroad company is one hundred feet wide. It adjoins the highway. The railroad track is about the middle of the right of way of the railroad company. The traveled way is seventy-five or eighty feet distant from the tracks of the railroad company. As the railway tracks leave Thirteenth street in Walla Walla, the railroad is constructed upon a grade above the level of the adjoining land. As it goes west, the grade is gradually reduced to about the level of the ground. At Offner's crossing, where the accident occurred, there is a small cut about one and one-half feet in depth below the level of the natural surface of the land. College Place road at the place where Offner's crossing turns north is about three and one-half feet higher than the top of the rails of the railroad; so that there is a slight decline of about four feet in one hundred in descending from College Place road to the railroad tracks at Offner's crossing.

On the 22d day of October, 1912, the plaintiff was driving west on College Place road, in a covered laundry wagon which was being drawn by one horse. This laundry wagon was enclosed, and at the sides where the driver sat were windows about twelve by fourteen inches in size. The front of the cover was open. Along the right of way of the railroad company, between the tracks thereof and the traveled road, weeds had grown up. At Offner's crossing, it appears that

there was a bush and some weeds which were from six to nine feet tall. When the plaintiff came to Offner's crossing, he was driving in a jog trot. He did not stop, look, or listen for the train, but drove upon the track in front of the train. His statement is, in substance, as follows: I was driving westerly along the College Place road in a covered laundry wagon with the horse traveling in a jog trot; the wind was blowing and I knew nothing of the train coming; didn't know that there was a train running out at that time; as the horse turned from the College Place road on to the Offner crossing, I looked but did not see anything; I went by some bushes and saw the train coming right on to me; it was then too late to stop the horse or do anything else; the horse was right on the track; I didn't hear any bell and no whistle was blown within hearing distance or bell rung or I should have heard them; the next thing I was piled up in the brush; the road leading over Offner's crossing turns north from the College Place road, that is, it turns to the right; the road was on some little decline; I was driving a fairly good horse but he was skittish of the railroad, and when crossing railroad tracks you had to watch him.

There was evidence to the effect that the train consisted of three cars and the locomotive; it was running at about its usual rate of speed—from 25 to 30 miles an hour—on a slight down grade, with a light throttle; it was making no noise except the noise of the wheels upon the rails and as they crossed the fishplates or joints.

At the close of the plaintiff's evidence, the defendants moved the court for a nonsuit for the reasons, first, that the evidence proved that the plaintiff did not stop, look, or listen, but drove upon the crossing without paying any attention to what he was doing, and was therefore guilty of contributory negligence; second, that, before crossing the railroad track, it was the duty of the plaintiff to look and listen at a place where an observation of the track could be made, which he failed to do; and third, that the plaintiff drove upon the

track directly in front of the moving train without taking any precautions for his safety. This motion was denied by the court, and the defendants' evidence was then offered. At the close of all the evidence, the court and the jury viewed the premises where the accident occurred, and thereafter a motion for a nonsuit was made upon substantially the same grounds as heretofore stated. The court sustained the motion and directed a verdict for the defendant, saying:

"I recognize the rule that it is the duty of the court where there are disputed questions of fact or where different inferences might be drawn by reasonable men from the facts in evidence that it is the duty of the court to submit that question to the jury. If this case were before the court now on the oral testimony given in the court room here, I would permit it to go to the jury, but I think the court is entitled to take into consideration what was disclosed on the view as well as the jury is. While it is true that the burden of proof of contributory negligence is upon the defendant, and the burden of proof practically includes that condition, it is also true that the burden of proof of the last clear chance doctrine is upon the plaintiff. The duty of the engineer is not to look to the side of the track as he is running, but to the track ahead of him. He is not bound to expect a man is going to turn in that way across the road when he is driving along the road parallel to the track. From the evidence in this case and from the view in the case, if this man had looked he could have seen and if he had listened he could have heard, and the testimony is that he did neither of those things. It is clear that if he had stopped he could have both heard and seen. From the evidence there is only one point from which he could not have seen that train or heard it, and that was behind the growth of bushes and weeds. Assuming, then, that the growth testified to was much higher than it is now. That evidence, as it will be remembered, was he was in a wagon. There is no contention that he stopped at all, and while it is regrettable in my mind, it seems to me it is the duty of the court to direct a verdict or set aside the judgment notwithstanding the verdict. The horse, as testified to, was a skittish horse and was afraid of trains; consequently, if he could not see or hear the train it was his duty to take a little more precaution than with a horse that had no fear. He was fa-

miliar with this crossing. He had crossed it many times as a laundryman. Years ago he had crossed it as a hack driver. He was just as familiar with conditions as defendants. My view of the law on this is that it is the duty of the court to direct the jury to return a verdict for the defendants, and I do so."

Counsel for the appellant, with must earnestness and with many quotations from authorities, argue that the court should have submitted the question of contributory negligence to the jury; that it was error for the court to decide, as a matter of law, that the appellant was guilty of contributory negligence. We deem it unnecessary to review the many authorities cited upon this subject and discussed in the briefs, for it seems clear to us, from all the facts in this case, that there can be no question that the appellant was guilty of contributory negligence in driving upon the railroad track without taking some precautions for his safety. The evidence shows affirmatively and conclusively that the appellant took no precautions whatever for his safety. When he was driving along the public highway parallel with the railway tracks, by simply looking back he could have seen the approaching train. It is true, when he turned to his right to cross the railway tracks at Offner's crossing, there were some bushes and weeds which some of the witnesses testified were from six to nine feet high. Yet, before coming to those weeds and after passing them, the track, or train at least, was plainly to be seen if the appellant had looked in its direction. This he failed to do, and drove upon the track immediately in front of the train so that the engine struck his horse and wagon, killed the horse, demolished the wagon, and injured the appellant. It is inconceivable under these facts how any reasonable man could say that the appellant was not guilty of contributory negligence. About three hundred feet before he reached the turn at Offner's crossing, he passed a man driving in the same direction, and coming from the opposite direction was another witness who saw the appellant, and

saw that he was about to drive upon the track in front of the train, and attempted to warn him, but the warning, if the appellant heard it was unheeded. These witnesses saw the train, saw it approaching the crossing, and saw the danger into which the appellant was driving. This case is a much weaker case in favor of the appellant than the case of *Holland v. Northern Pacific Railway Co.*, 55 Wash. 266, 104 Pac. 252, because in that case the approaching train was obscured by a cloud of dust raised by the wind. The plaintiff in that case stopped, looked and listened before attempting to cross the railroad track. After he had done this, and not seeing the train, he drove upon the track and was injured. The court in that case directed a verdict in favor of the defendant and we affirmed the judgment.

In the case of *Woolf v. Washington R. & Nav. Co.*, 37 Wash. 491, 79 Pac. 997, we held that a traveler who drove a team upon a railroad crossing at a point where, for a considerable distance, he had an unobstructed view of an approaching locomotive, was guilty of contributory negligence, as a matter of law, where he drove onto the crossing either without looking, or looked and whipped up his horses in an endeavor to cross ahead of the engine.

In *Johnson v. Washington Water Power Co.*, 73 Wash. 616, 132 Pac. 392, we held that the driver of a wagon was guilty of contributory negligence where he saw an approaching street car seven hundred feet away, and drove onto the track without looking just before doing so. See, also, *Bowden v. Walla Walla Valley R. Co.*, *ante* p. 184, 140 Pac. 549. Many other cases of this character might be cited from this court to the same effect; but the cases already cited are sufficient to show that the trial court did not err in holding that the plaintiff was guilty of contributory negligence as a matter of law, and therefore not entitled to recover.

Counsel for the appellant argue that the court erroneously considered the view of the premises as evidence and, therefore, directed a verdict. The court was no doubt authorized to

consider such view the same as the jury; and when it appeared to the court from the testimony of witnesses and the view that certain facts existed, the court then could consider such facts as established facts in the case. *Seattle & Montana R. Co. v. Roeder,* 30 Wash. 244, 70 Pac. 498, 94 Am. St. 864.

The appellant also argues that the court erred in allowing certain witnesses from the state of Oregon, who attended upon the trial of the case, mileage from the state line to Walla Walla. This court has uniformly held that it is proper to allow such mileage to such witnesses. *Carlson Bros. & Co. v. Van De Vanter,* 19 Wash. 32, 52 Pac. 323; *State v. Lorenz,* 22 Wash. 289, 60 Pac. 644; *Wohlforth v. Kuppler,* 77 Wash. 339, 137 Pac. 477.

The judgment appealed from is therefore affirmed.

CROW, C. J., MORRIS, and PARKER, JJ., concur.