[No. 12111.  Department One.  November 17, 1914.]

ALMEDA S. COLE, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY *et al.*, *Respondents*.[1]

RAILROADS—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE. A boy, sixteen years of age, struck and killed at a double track railroad crossing, is guilty of contributory negligence, as a matter of law, precluding any recovery by his representatives, where it appeared that decedent was riding a bicycle "quite fast," and slowed down to allow a south-bound train on the far track to pass over the crossing; that decedent did not stop or look for a train on the near track, and as soon as the first train had passed, he rode onto the near track and was instantly struck by a north-bound train on that track, such approaching train being in full view in ample time to have avoided it, if the least attention had been paid to it.

Appeal from a judgment of the superior court for. Lewis county, Rice, J., entered January 10, 1914, upon granting a nonsuit, dismissing an action for wrongful death. Affirmed.

*Forney & Ponder* and *Albers & Allen*, for appellant.

*Geo. T. Reid, J. W. Quick*, and *L. B. da Ponte*, for respondents.

[1]Reported in 144 Pac. 34.

MORRIS, J.—Appellant brought this action to recover for the death of her son, who was killed while attempting a crossing of the respondent railway company's tracks. The court below granted a nonsuit at the conclusion of appellant's evidence, and she appeals.

The evidence sustaining the right of action in appellant was sufficient and is not questioned, the point supporting the ruling being the contributory negligence of the deceased. The accident occurred at 1:30 in the afternoon of Sunday, August 4, 1912. The deceased was then sixteen years of age, and was approaching the Main street crossing of respondent's tracks, in Chehalis, riding a bicycle, and going in a westerly direction. As he approached the crossing, he was riding, in the language of the record, "quite fast," but slowed down, without however coming to a stop, to permit the passage over the crossing of a Great Northern passenger train going south on the westerly track. Just as the Great Northern train cleared the crossing, deceased rode upon the easterly track, when he was instantly struck by the engine of a Northern Pacific train going north on the easterly track, receiving fatal injuries. To the east of the main tracks were two spur tracks, the first 54 feet distant from the track on which deceased was struck, and the second 21 feet. Two blocks to the south of the crossing stood some coal bunkers to the east of the main tracks, and between these bunkers and the Main street crossing, at the time of the accident, there were probably some ties piled "as high as a man's chin," and a car or two upon one or the other of the spur tracks. The evidence is not clear on these last points, but we assume it as so established. There was an unobstructed view, however, 160 feet south of the crossing, according to the contention of counsel for appellant, and from the second of the spur tracks, distant 21 feet from the track upon which deceased was struck, the main tracks ran straight to the south for over a mile without anything to obstruct the view.

There is only one conclusion that can be drawn from the evidence, and that is that the deceased approached the crossing intent only upon the Great Northern train going south. He took no precaution to avoid danger upon the easterly track, but rode heedlessly on, assuming that the Great Northern train was the only one to avoid. He rode straight ahead, oblivious of his surroundings except the Great Northern train, and slackened his speed only enough to permit it to pass, before he rode upon the tracks. It is hard to say within what distance the Northern Pacific train was in sight as the deceased approached the easterly of the main tracks, but it cannot be denied that it was in sight within ample time and distance to enable deceased to avoid it had he used the slightest precaution to ascertain its approach and avoid it. These two passenger trains were in the habit of meeting about this point, and deceased worked in a furniture factory a block and a half to the south of this crossing and along the right of way.

We cannot escape the conclusion that this unfortunate boy paid no attention to his safety or to his surroundings other than the Great Northern train. The law requires that one approaching a railway crossing shall make a reasonable use of his senses to guard his safety, and the failure to do so is such negligence as will prevent recovery in case of injury. It is not necessary to here say what precautions are necessary. It cannot be denied that something must be done to insure safety. However slight may be the requirement as to precaution, it avails nothing in the light of this record, as the deceased took none, but proceeded as if there was only one danger to be avoided, and that from the train going south upon the westerly track. He was utterly oblivious of the easterly track and of the danger its presence indicated. As applied to this situation, the minds of reasonable men cannot differ that, if this boy had taken the slightest heed to his safety, he would not have been injured. Not having done so, only one conclusion can be reached, and that is as found

by the lower court. The late cases of *Stueding v. Seattle Electric Co.*, 71 Wash. 476, 128 Pac. 1058; *Bowden v. Walla Walla Valley R. Co.*, 79 Wash. 184, 140 Pac. 549, and *Aldredge v. Oregon-Washington R. & Nav. Co.*, 79 Wash. 349, 140 Pac. 550, with cases there cited, are decisive of the point.

The judgment is sustained.

CROW, C. J., GOSE, CHADWICK, and PARKER, JJ., concur.