[No. 12079. Department One. December 21, 1914.]

WENZEL SKAALA, *Respondent*, v. TWIN FALLS LOGGING COMPANY, *Appellant*.[1]

APPEAL—DECISION—REMAND. Where there was no challenge or objection of any kind to the sufficiency of the evidence, on appeal on the ground that the verdict is not justified by the evidence, or is against the law, a new trial is appellant's utmost relief.

RAILROADS—INJURIES TO PERSONS ON TRACKS—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. A person who crosses a railroad behind standing box cars, and steps from behind the cars onto the parallel tracks of the main line without looking or giving any heed to the switching of· cars then in progress thereon, is guilty of contributory negligence, as a matter of law, precluding any recovery for injuries sustained when he was immediately struck by a car on the main line.

Appeal from a judgment of the superior court for Clarke county, Darch, J., entered October 27, 1913, upon the verdict

[1]Reported in 144 Pac. 897.

of a jury rendered in favor of the plaintiff, in an action in
tort.  Reversed.

*Yates & Yates*, for appellant.

*McMaster, Hall & Drowley*, for respondent.

MORRIS, J.—Respondent was injured while attempting the
crossing of a railroad track, and this appeal is taken from a
judgment in his favor.

The errors urged are in the instructions, insufficiency of
the evidence to justify the verdict, that it is against the law,
and that the verdict is excessive.

There was no motion for nonsuit, none for directed verdict,
no challenge to the sufficiency of the evidence, and no motion
for judgment; so that, if it should be held that the evidence
is insufficient to justify the verdict and that the verdict is
against the law, the utmost relief that can be granted the
appellant is a new trial.

The facts are these:  The Northern Pacific Railway Com-
pany occupies a right of way through the town of Yacolt, one
hundred feet wide, running approximately north and south.
On each side of this right of way is a street named, the one,
West Railroad street, and the other, East Railroad street.
Crossing these two streets and the right of way, is an east
and west street known as Yacolt street.  There is a depot
about 120 feet south of the south margin of Yacolt street,
and between the depot and Yacolt street, on West Railroad
street, is a restaurant and saloon; possibly other buildings,
but these are the only two mentioned in the record.  It is
shown that pedestrians on West Railroad street, desiring to
go east on Yacolt street, often cut across West Railroad
street and the right of way in a northeasterly direction, in-
stead of continuing on West Railroad street until Yacolt
street is reached and then turning east.  On this right of way
between the depot and Yacolt street, and extending across
Yacolt street, are, beginning at the west, a switch, main
track, and a siding track, the siding connecting with the main

track about 120 feet south of Yacolt street and branching off in a northeasterly direction. The distance between the center of the switch and main tracks is sixteen feet. The distance between Yacolt street and the restaurant is not given, but from their relative positions as shown by one of respondent's exhibits it is approximately eighty feet. The distance between the restaurant and the first or switch track is ninety feet.

On the day of the accident, respondent left the sidewalk in front of the restaurant on West Railroad street and walked in a northeasterly direction, as if intending to reach Yacolt street at some point east of the crossing. At this time, the appellant was operating an engine attached to two cars at some point not shown, on the main track. The engine was headed south with the two cars in front, and was backing up for the purpose of making a flying switch, intending that the engine would give such momentum to the two cars that, uncoupling from them before reaching the siding, the cars would take the siding while the engine would continue backing on the main track in the clear.

Standing on the westerly track at this time were some box cars, how many or where situated is not clear, except that they were north of the depot and about opposite the restaurant.

Respondent crossed West Railroad street and the right of way, crossed the west track at a point to the north of the box cars—how far north is not shown, and just as he reached the main track, at a point variously estimated at from ten to forty-five feet south of the Yacolt street crossing, the tender of the backing engine struck him on the right shoulder, causing the injuries complained of. The day was July 15, and the time about the middle of the afternoon. There was a dispute as to whether the bell on the engine was ringing, but in the light of the verdict it may be accepted that it was not. It may also be accepted that appellant was negligent in the manner of the operation of its engine and cars.

The question still remains, do the facts show respondent guilty of contributory negligence? Respondent, when upon the stand, was not interrogated as to his knowledge of the presence of the engine and cars. Nor was there any attempt to show that he took any precautions for his safety before attempting to cross the main track. He is silent as to what he did or what he did not do, and his testimony is of no value in determining his appreciation of his surroundings. His first witness testified that respondent was walking in a "kind of a stooped way;" "did not notice him stop and look any place;" "just kept going; wasn't looking out;" "was going with his head down;" "did not look down the track as I could see." The next witness testified that respondent "did not turn and look south; did not see him stop nor listen; but kept on going until run into." Respondent "did not turn around and look south, but don't know whether he looked for cars coming." The testimony of appellant's witnesses will not be referred to, as the question must be determined from the strongest testimony in respondent's favor.

Whatever may be the character or extent of the precaution that must be taken by one about to cross a railroad track, it must be accepted as the law that the duty is upon the pedestrian to make a reasonable use of his senses to guard his safety and prevent injury, and that, in failing to do so, the law charges him with such negligence as would prevent a recovery in case of injury. As has often been said in like cases, one cannot cross a railroad track without taking some precaution for safety, the track itself being a warning of danger. As was said in *Cole v. Northern Pac. R. Co., ante* p. 322, 144 Pac. 34, "However slight may be the requirement as to precaution, it avails nothing in the light of this record." Respondent took none, but proceeded, heedless of his surroundings, as if there was no danger to be avoided. The law will not permit a man to attempt a railroad crossing, as the record shows this respondent to have done, and then throw the entire burden of his safety upon those in charge of ap-

proaching trains. Each must be vigilant and watchful with a full realization that he is within a danger zone; and when such a degree of vigilance and watchfulness as the ordinarily prudent man would give to his surroundings under such circumstances is absent, the law calls it negligence, and the courts cannot excuse or overlook it.

Counsel for respondent argues that due care is presumed and contributory negligence must be proven. Such is unquestionably the law. The law likewise requires due precaution for safety; and when none is shown, contributory negligence is proven, for contributory negligence is established by the failure to act when ordinary prudence calls for action, as well as by the imprudent act itself.

We find the proof of such failure to act in respondent's evidence, and under the authority of the cited case and many others of like character, the judgment is reversed, and new trial ordered.

CROW, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.