[No. 23496. *En Banc.* August 3, 1932.]

VERA DETEMPLE, *as Administratrix of the Estate of George H. DeTemple, deceased, Respondent,* v. SCHAFER BROS. LOGGING COMPANY, *Appellant.*[1]

*W. H. Abel* and *A. J. Laughon,* for appellant.
*Sam L. Levinson* and *A. P. Wilson,* for respondent.

HERMAN, J.—Plaintiff brought suit for the death of her husband in a railroad crossing accident, in which plaintiff's decedent, riding in his automobile, was struck by a train consisting of five cars of gravel pushed by a locomotive. The train was being operated by defendant in the course of its business. The complaint, filed by plaintiff as administratrix, contained two causes of action; the first, for the use and benefit of the plaintiff in her personal capacity as the surviving spouse of the deceased; and the second, for the

[1]Reported in 13 P. (2d) 446.

value of the automobile destroyed. The case was tried to a jury. A verdict for plaintiff in the sum of $14,-350 was returned on the first cause of action, and $650 on the second cause of action. A motion for judgment notwithstanding the verdict was made by the defendant and denied by the trial court. Thereafter judgment was entered for plaintiff on the verdict. From that judgment defendant has appealed.

The principal question to be here determined is whether the deceased was guilty of contributory negligence such as would bar the right to recover. The physical facts, as evidenced by photographs, show that an approaching train could have been seen some distance from the crossing. These physical facts, demonstrated to the court's satisfaction, were contradicted by isolated items of testimony given by Warren Wilkins, plaintiff's witness. This witness was plaintiff's nephew. The fact that he had pending a suit for twenty-five thousand dollars for damages he suffered in the same accident was shown as affecting his interest. He had been convicted of the crime of burglary and was paroled.

At the time of the accident, he was riding with respondent's decedent in the front seat of the automobile. Mr. Wilkins was the only witness who testified in detail about the conduct of the deceased in approaching the crossing and until the collision occurred. There were isolated items of testimony offered by him to the effect that the approaching train could not be seen until the automobile's wheels were on the railroad track. They were, however, inconsistent and irreconcilable with the general tenor of Wilkins' testimony, which was to the effect that the train was visible when the approaching car was fifteen feet from the railroad track. An examination of the record discloses that such bits of testimony cannot be held to constitute more

than a mere scintilla of evidence. In *Davison v. Snohomish County*, 149 Wash. 109, 270 Pac. 422, it was said:·

"This court has repudiated 'the scintilla of evidence' doctrine, and has held that evidence sufficient to support a verdict must be substantial; *Ziomko v. Puget Sound Elec. R.;* 112 Wash. 426, 192 Pac. 1009, and *Adams v. Anderson & Middleton Lum. Co.,* 124 Wash. 356, 214 Pac. 835."

Respondent earnestly contends that the scintilla of evidence given by Wilkins, to the effect that the train was not visible until the automobile was on the track, is corroborated by the testimony of other witnesses. In this connection, the testimony of George Wheaton, W. H. Hall and Forrest Martin is pointed out. Those witnesses carefully qualified their testimony by use of such words as "practically" and "nearly," making the effect of their testimony consistent with the general trend of Wilkins' testimony that the train was visible to the occupants of a car about fifteen feet from the crossing.

Wilkins testified in part as follows:

"Q. This car had good brakes, brakes in good condition? A. Absolutely. The weight of the automobile was 4300. It was a graveled road. . . . Q. Did he approach this crossing at such a speed that he couldn't stop after the train was visible? A. It was ten or twelve miles an hour; that isn't such a speed you can't stop. . . . Mr. Abel: Mr. DeTemple did not apply the brakes, did he? A. No. Q. His brakes were good? A. Absolutely."

It appears from the general purport of Wilkins' testimony that he saw the train when about fifteen feet from the track, and that Mr. DeTemple, who was driving the car and sharing the front seat with Wilkins, likewise looked in the direction of the train at the same

time. In *Fluhart v. Seattle Electric Co.*, 65 Wash. 291, 118 Pac. 51, the court said:

"Evidence of physical facts making it certain a pedestrian must have seen, or could have seen an approaching car had he looked, renders unavailing his unsupported statement that he did look but could not see. Oral statements, although undisputed, must yield to undisputed physical facts and conditions with which they are irreconcilable."

In *Cole v. Northern Pacific R. Co.*, 82 Wash. 322, 144 Pac. 34, it was stated:

"The law requires that one approaching a railway crossing shall make a reasonable use of his senses to guard his safety, and the failure to do so is such negligence as will prevent recovery in case of injury."

The court said, in *Mouso v. Bellingham & Northern Ry. Co.*, 106 Wash. 299, 179 Pac. 848:

"One who approaches a railway crossing on a public highway is as much under the duty of keeping a lookout as is the railway company; and with knowledge that the railway company has the right of way and cannot instantly stop its trains to avoid accidents, it becomes his duty to use every means which a reasonably prudent person would use under the existing circumstances to avoid a collision. Did the driver of the truck perform this duty? He says he did. But his testimony in this respect is denied and overcome by the physical facts. . . . While this court has often held that the question of contributory negligence would not be taken from the jury and decided as a matter of law unless the commission or omission of the acts as shown were so palpably negligent as to preclude the possibility that reasonable men might differ concerning them, yet, in a case like this, where the physical facts are uncontroverted and speak with a force that overcomes all testimony to the contrary, reasonable minds must follow the physical facts, and therefore cannot differ."

The only witness offering testimony bearing on the question whether the deceased was guilty of contributory negligence was Mr. Wilkins. It appears, according to the general tenor of such testimony, that Mr. DeTemple looked for the train at the same time it was seen by Mr. Wilkins, when the automobile reached a point about fifteen feet from the crossing; but, although Mr. Wilkins, who saw it, was sitting beside him, Mr. DeTemple did not see the train; that the DeTemple car was traveling from ten to twelve miles per hour, perhaps less, and was equipped with good brakes, which Mr. DeTemple did not use. It is a matter of common knowledge that an automobile equipped with good brakes, traveling ten to twelve miles per hour, can be stopped in considerably less than fifteen feet. It appears conclusively from the testimony and the evidence of the physical facts that the decedent failed to make a reasonable use of his senses to guard his safety when approaching the railway crossing, and that such failure on his part was the cause of his death and the damage to his car.

The trial court erred in not granting appellant's motion for judgment notwithstanding the verdict. Reversed.

PARKER, STEINERT, MITCHELL, BEALS, MAIN, and MILLARD, JJ., concur.

TOLMAN, C. J. (dissenting)—A careful study of the whole record has convinced me that this is a typical jury case. I fear the court is invading the province of the jury, and though its judgment be just, I still must dissent.

HOLCOMB, J., concurs with TOLMAN, C. J.