[No. 25737.  Department One.  January 6, 1936.]

VINCENT TOMCHAK, *Appellant,* v. BUDD POLAND *et al.,*
*Respondents.*[1]

*J. Speed Smith* and *Henry Elliott, Jr.,* for appellant.
*Ellis & Evans,* for respondents.

MITCHELL, J.—Vincent Tomchak brought this action against Budd Poland and his wife on account of personal injuries sustained while walking across the Pacific highway, at a point between Seattle and Tacoma, being struck by an automobile driven by the husband.  The issues were negligence and contributory negligence.  The trial court sustained defendants' challenge to the sufficiency of the plaintiff's evidence to take the case to the jury and dismissed the action.  The plaintiff has appealed.

The trial court held, as a matter of law, that the testimony was insufficient to take the case to the jury on the question of the alleged negligence of the respondents, and also that the appellant was guilty of

[1]Reported in 52 P. (2d) 1262.

contributory negligence, as a matter of law, that barred any recovery.

It is unnecessary, in our opinion, to discuss the first phase of the case, because the holding of the trial court was correct on the question of contributory negligence, and for that reason the judgment must be affirmed.

The accident occurred on Sunday evening, shortly after dark, at a point on the highway spoken of as Bow Lake service station, which is also a grocery store, situate on the west side of the highway and just south of a county road crossing the highway, the county road being a graveled road east of the highway. The highway at that point runs north and south, and consists of two twenty-foot cement pavements separated by a four-foot strip of dirt. Appellant was struck and injured at a point near the west margin of the west strip of the pavement as he was crossing from the east at a point not within, but south of, the crossing. He was going from his home on the graveled road, situate about half a mile east of the highway. Respondent was driving south toward Tacoma on the west strip of pavement.

Appellant's contention at the trial, as stated in his brief on appeal, was that he left home about eight o'clock that evening to go to Bow Lake Station store to get a package of cigarettes, and that he remembered nothing after leaving home until ten days thereafter when he came to in the hospital. In direct examination, he so testified. But, in cross-examination, he testified to the contrary. Speaking generally, he said that he had lived in that vicinity four years, had frequently bought groceries at the service station, and was familiar with the highway and surroundings at that place; that he knew that there were two twenty-foot strips of pavement, with a four-foot dirt strip

between them; that there was a large illuminated road sign at the northeast corner of the highway and county road crossing, and that, on the other side of the highway from his home, the service station was all lighted up; that it was a well-lighted corner; that he knew the highway was the main highway between Seattle and Tacoma, and that on Sunday nights the traffic was heavy.

Then, further testifying under cross-examination, he admitted, among other things, the following:

"Q. If you turn to this map,—I believe the map has not been received. MR. ELLIOTT: No objection. [Whereupon said map received in evidence as Plaintiff's Exhibit A-1.] Q. You came down on this gravel road and could see the service station, couldn't you? A. Yes. Q. And you could see everything that is around here and the traffic, if you looked? A. Yes. Q. If there was an automobile coming towards Seattle you would not have any trouble seeing it, would you? MR. ELLIOTT: Objected to as argumentative. THE COURT: He may ask him. Q. You could see the headlights of an automobile coming, if you looked? A. I guess I can. Q. If you saw an automobile coming along toward Tacoma you could see that, if it had headlights? A. I don't remember about that night. Q. But the situation generally? A. Yes. Q. There was nothing the matter with your sight? A. No. Q. So that if you had looked and there was an automobile coming, you could have seen it? MR. ELLIOTT: That is objected to as argumentative. THE COURT: Objection overruled; exception allowed. MR. ELLIOTT: I would like to have my objection entered to that line of questions. THE COURT: Yes, you may. Q. You could have seen it if you looked? A. Yes."

On behalf of the respondents, the husband testified, in substance, that he was going south on the west pavement, and that he saw the appellant run west across the east pavement, and that the respondent slowed down to let the appellant go across ahead of

him, and that the appellant, upon reaching the dirt strip, stopped. That there was no interfering traffic on the west pavement, and that, when respondent was within about thirty feet of where the appellant stopped, appellant started running diagonally towards the service station, crossing in front of respondent. That the respondent immediately swerved his car to the right, but could not avoid striking the appellant.

He further testified that he did not sound his horn; he assumed that, when appellant stopped at the dirt strip, he, appellant, would stay there and permit respondent to pass, and that, after appellant, being about thirty to fifty feet away, started to run diagonally across the west pavement, respondent had no time to sound his horn, but swerved his car hard to the right, but could not avoid a collision.

This testimony by and on behalf of the respondent was not disputed or contradicted.

█ Under similar circumstances, judgment on a verdict for the plaintiff was reversed and the action ordered dismissed in *Jones v. Wiese,* 88 Wash. 356, 153 Pac. 330, because it was held, as a matter of law, that plaintiff's contributory negligence precluded any recovery. In that case, it was said:

"When about to attempt a street crossing at such a place where danger is imminent and constant, pedestrians must take some precautions to guard against it. Something must be done to insure safety, and the failure to do so is such negligence as will prevent recovery in case of injury. As was said in *Cole v. Northern Pac. R. Co.,* 82 Wash. 322, 144 Pac. 34:

" 'It is not necessary to here say what precautions are necessary. It cannot be denied that something must be done to insure safety.'
citing cases announcing the rule in similar language."

To the same effect was the decision setting aside a judgment on a verdict and ordering the action dis-

missed in *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784, the holding in that case being tersely stated in the syllabus, as follows:

"A pedestrian was guilty of contributory negligence in stepping from the curb to cross a street directly in front of an approaching automobile, with lights burning, where there was nothing to prevent his seeing the car."

Other authorities to the same effect need not be referred to or discussed.

Judgment affirmed.

TOLMAN, BEALS, STEINERT, and GERAGHTY, JJ., concur.