## NORTHERN PAC. RY. CO. v. ROBISON.

### No. 10524.

Circuit Court of Appeals, Ninth Circuit.

June 2, 1944.

HEALY, Circuit Judge, dissenting.

Cannon, McKevitt & Fraser, of Spokane, Wash., for appellant.

Bernard L. Swerland and Lester P. Edge, both of Spokane, Wash., for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, a Minnesota corporation, operates a railroad which crosses at grade a public highway (Permanent Highway No. 32, also known as Espanola Road) in Spokane County, Washington. At that crossing, on July 18, 1941, an automobile driven by Wayne Robison, hereafter called decedent, collided with the locomotive of a passenger train operated by appellant, and decedent was killed. As administratrix of decedent's estate, appellee, a citizen of Washington, brought an action against appellant for damages in the sum of $59,636, alleging that the collision was caused by appellant's negligence. Answering, appellant denied that allegation and alleged that the collision was caused by decedent's negligence. There was a jury trial. At the close of all the evidence, appellant moved the court for a directed verdict. The motion was denied. There was a verdict for appellee for $5,000. Appellant moved for judgment notwithstanding the verdict. The motion was denied,[1] and judgment was entered for appellee. From that judgment this appeal is prosecuted.

■ There is evidence that the engineer driving the locomotive with which decedent's automobile collided failed "to ring the bell or sound the whistle upon such locomotive, or cause the same to be rung or sounded," as the locomotive approached the crossing. That failure, if it occurred, was a violation of § 2528 of Remington's Revised Statutes of Washington[2] and was negligence per se.[3] There is no evidence of any other negligence on the part of appellant or any agent or employee of appellant.

■ The evidence establishes without conflict the following facts: The collision occurred in midafternoon (4:15 P.M.) of a clear, bright, sunshiny midsummer day. The crossing where the collision occurred was a right-angle crossing, the railroad running east and west, the highway north and south. The train was traveling east at a speed of about 35 miles an hour. The automobile was traveling north at a speed of about 45 miles an hour. On the east side of the highway, 15½ feet south of the crossing, there was a standard railroad crossing sign consisting of a pair of cross-arms six feet long mounted on a post ten feet high, with the word "Railroad" painted on one arm and the word "Crossing" painted on the other. Decedent, driving north on the highway, had an unobstructed view of the crossing sign, the railroad track and the train itself. He could see the train from the time he came within 800 feet of the crossing. He could see the sign from the time he came within 500 feet of the crossing. He could see the track from the time he came within 200 feet of the crossing. He nevertheless drove onto the crossing in front of the train and was killed. We conclude that he was guilty of contributory negligence as a matter of law.[4]

[1] Robison v. Northern Pac. R. Co., D. C.E.D. Wash., 49 F.Supp. 632.

[2] Section 2528 provides: "Every engineer driving a locomotive on any railway who shall fail to ring the bell or sound the whistle upon such locomotive, or cause the same to be rung or sounded at least eighty rods from any place where such railway crosses a traveled road or street on the same level (except in cities), or to continue the ringing of such bell or sounding of such whistle until such locomotive shall have crossed such road or street, shall be guilty of misdemeanor."

[3] Schofield v. Northern Pac. R. Co., 4 Wash.2d 512, 104 P.2d 324; Hendrickson v. Union Pac. R. Co., 17 Wash.2d 548, 136 P.2d 438.

[4] Cf. Woolf v. Washington R. & Nav. Co., 37 Wash. 491, 79 P. 997; Cable v. Spokane & Inland Empire R. Co., 50 Wash. 619, 97 P. 744, 23 L.R.A.,N.S., 1224; Johnson v. Washington Water Power Co., 73 Wash. 616, 132 P. 392; Bowden v. Walla Walla Valley R. Co., 79 Wash. 184, 140 P. 549; Aldredge v. Oregon-Washington R. & Nav. Co., 79 Wash. 349, 140 P. 550; Cole v. Northern Pac. R. Co., 82 Wash. 322, 144 P. 34; Allison v. Chicago, Milwaukee & St. Paul R. Co., 83 Wash. 591, 145 P. 608; McKinney v. Port Townsend & Puget Sound R. Co., 91 Wash. 387, 158 P. 107; McEvilla v. Puget Sound Traction, Light & Power Co., 95 Wash. 657, 164 P. 193; Herrett v. Puget Sound Traction, Light & Power Co,. 103 Wash. 101, 173 P. 1024; Golay v. Northern Pac. R. Co., 105 Wash. 132, 177 P. 804, 181 P. 700; Miller v. Northern Pac. R. Co., 105 Wash. 645, 178 P. 808; Mouso v. Bellingham & Northern R. Co., 106 Wash. 299, 179 P. 848; Benedict v. Hines, 110 Wash. 338, 188 P. 512; Sadler v. Northern Pac. R. Co., 118 Wash. 121,

Appellee attempts to excuse decedent's negligence by pointing out that he was unfamiliar with the crossing. The excuse is not a valid one; for, although decedent had no previous knowledge of the crossing, he was adequately warned of it by the crossing sign, the track and the train, all of which were in plain view.[5]

In denying appellant's motion for judgment notwithstanding the verdict,[6] the trial court quoted from a Washington decision [7] the following dictum: "It is no doubt true that a traveler upon a public highway, having no knowledge of its condition, other than that which is apparent to him, may use it in the ordinary and usual way in the faith and belief that no obstructions have been placed therein without adequate and sufficient warning of their presence. Hence, if he, while so using it, unknowingly approaches a railroad crossing at which a train is crossing, which is guarded with nothing more than the usual crossing signs *and the visibility is such that he cannot see it until he approaches so closely that he cannot avoid striking it,*[8] he might not be guilty of contributory negligence." The quoted dictum is inapplicable here, for the evidence here shows that visibility was perfect, and that decedent could see the crossing sign, the track and the train in ample time to have avoided a collision.

The trial court stated: "At the point where the railroad track crossed the road, the rails were * * * not discernible by the driver of an automobile until he had come almost upon them." [9] The statement is incorrect. The evidence shows that the track could be seen by the driver of an automobile from a distance of 200 feet, and that each rail thereof was clearly discernible from a distance of 50 feet.

Ten pictures were introduced in evidence—four (Exhibits A, C,[10] D and E) by appellee and six (Exhibits 5, 6, 9, 10, 11 and 12) by appellant. Referring to these pictures, the trial court stated: "The pictures * * * reveal a situation from which it might reasonably be concluded that a person unfamiliar with the road and with no knowledge of the point where the track crossed the road might very well have concluded that the railroad track crossed the road at a point a considerable distance from that at which it actually did cross." [11] The statement is incorrect. Instead of revealing the situation mentioned, the pictures, together with the other evidence, show that a person traveling north on the highway, as decedent was, could see the railroad track from the time he came within 200 feet of it and hence would know exactly where it crossed the highway. The suggestion that decedent thought it crossed somewhere else has no support in the evidence.

Appellant's motion for a directed verdict should have been granted.

Judgment reversed.

HEALY, Circuit Judge (dissenting).

The question of decedent's want of ordinary care was submitted to the jury under proper instructions and was resolved against appellant. Thus the sole inquiry is whether his contributory negligence was established as a matter of law. For the

203 P. 10; Beckwith v. Spokane International R. Co., 120 Wash. 91, 206 P. 921; Dee v. Northern Pac. R. Co., 124 Wash. 580, 215 P. 11; Miller v. Oregon-Washington R. & Nav. Co., 128 Wash. 292, 222 P. 475; Okada v. Seattle, 139 Wash. 433, 247 P. 729; Keene v. Pacific Northwest Traction Co., 153 Wash. 310, 279 P. 756; McFadden v. Northern Pac. R. Co., 157 Wash. 437, 289 P. 1; DeTemple v. Schafer Bros. Logging Co., 169 Wash. 102, 13 P.2d 446; Metcalf v. Mud Bay Logging Co., 170 Wash. 59, 15 P.2d 278; Spokane County v. Great Northern R. Co., 178 Wash. 389, 35 P.2d 1; Dumbolton v. Oregon-Washington R. & Nav. Co., 186 Wash. 433, 58 P.2d 806; Morris v. Chicago, Milwaukee, St. Paul & Pac. R. Co., 1 Wash.2d 587, 97 P.2d 119, 100 P.2d 19;

Byerley v. Northern Pac. R. Co., 11 Wash.2d 604, 120 P.2d 453; Hopp v. Northern Pac. R. Co., Wash., 147 P.2d 950.

5 Cf. Sadler v. Northern Pac. R. Co., supra.

6 Robison v. Northern Pac. R. Co., supra.

7 McFadden v. Northern Pac. R. Co., supra [157 Wash. 437, 289 P. 2].

8 Emphasis supplied.

9 Robison v. Northern Pac. R. Co., supra [49 F.Supp. 633].

10 Exhibits A and C are enlargements of a single smaller picture made from a negative attached to Exhibit A.

11 Robison v. Northern Pac. R. Co., supra.

reasons clearly and fairly stated by the trial judge in his published opinion I think the question was for the jury. The judgment should be affirmed.