[No. 10731.    Department Two.    May 26, 1913.]

Paul Johnson, *Appellant*, v. Washington Water Power Company, *Respondent*.[1]

Street Railroads—Injury to Persons on Track—Contributory Negligence—Evidence—Sufficiency. The driver of a wagon is guilty of contributory negligence, precluding any recovery for injuries sustained in a collision with a street car, although the car may have been slightly exceeding the speed limit, where he saw it approaching a crossing 700 feet away, he continued his course and looked again and saw it about one block away, and with the car in full view, continued to drive onto the track without again looking and without having sufficient time to cross, as he calculated he could do, when he could have stopped his horse any time before going into danger.

[1]Reported in 132 Pac. 392.

SAME—NEGLIGENCE—LAST CLEAR CHANCE—EVIDENCE—SUFFICIEN-
CY. The last clear chance doctrine does not apply to a collision be-
tween a street car and the driver of a wagon, approaching a crossing,
where the driver, with full knowledge of the approach of the car,
drove onto the track when to stop would have been the exercise of
only ordinary care; since the motorman had a right to assume, until
it was too late to stop the car, that the driver would not drive onto
the tracks.

Appeal from a judgment of the superior court for Spokane
county, Kennan, J., entered February 8, 1912, upon grant-
ing a nonsuit, dismissing an action for personal injuries
sustained in a collision with a street car. Affirmed.

*Roche & Onstine*, for appellant.

*Post, Avery & Higgins*, for respondent.

FULLERTON, J.—The appellant brought this action against
the respondent to recover for personal injuries. He was
nonsuited in the court below, and from the judgment en-
tered against him, prosecutes this appeal.

The respondent owns and operates a system of street rail-
ways in the city of Spokane. One of its lines extends along
Illinois avenue therein. This street, at the point of its
junction with Perry street, extends in a northeast and south-
west direction, while Perry street extends north and south.
On the morning of July 30, 1911, the appellant drove a
wagon, drawn by one horse, north on Perry street to its
junction with Illinois avenue and started across the same
in a direction diagonally with the course of the street, in-
tending to leave the street on a road leading onto a private
lot somewhat to the right of the course of Perry street. As
the appellant reached the street, he saw a car approaching
him from the right at a point which he described and which
was shown by other evidence to be some seven hundred feet
away. He drove directly along his course until his horse was
well into the street, when he looked again for the car and
saw it about a block away. He did not look again until
his horse had stepped over the first rail of the railway track.

He then saw the car quite near him. He endeavored to swing his horse clear of the car by turning to the right, but did not succeed in getting him far enough away, and the horse was struck by the approaching car. The accident threw the appellant from his wagon, and inflicted upon him certain personal injuries, being the injuries for which he sues in this action. The car, from the time the appellant first observed it until it reached him, was within his plain view had he looked in that direction, and its speed according to the estimate of the witnesses who seemed to be best capable of making such an estimate, was not excessive, although it may have somewhat exceeded the limit fixed by the city ordinances.

The trial judge rested his judgment on the ground that the appellant's own negligence contributed to the injury and we can see no escape from that conclusion. The distance the appellant traveled from the time he observed the car until he was struck by it is shown definitely. It is also shown with approximate correctness the rate of speed at which he was traveling. Taking this as a basis, it is clear that the car was much nearer the appellant, when he entered the street and when he looked the second time, than he estimated it to be; and while he may have concluded that he had plenty of time to cross in front of it, he did not in fact have sufficient time, and did not verify his estimate by taking a look immediately before he entered the place of danger. His injury was clearly, therefore, contributed to by his own negligence.

It is claimed that the respondent had the last clear chance to avoid the injury, and should be held liable to answer for the appellant's injuries because it failed in its exercise. But we think the last clear chance doctrine is without application to the facts shown. By stopping at any time before he reached the railway track, the appellant would have been in a place of safety, and for one in his situation, knowing as he must have known had he looked in the direction of the car that it was almost upon him, to stop before attempting

to cross the track would have been the exercise of only ordinary prudence and care. A motorman has the right to assume that a person on the street will exercise such care to avoid injury, and he may lawfully act on that assumption, until the conduct of the person warns him to the contrary. Here the motorman could not know that the appellant would drive onto the track in front of the car until he actually did so, and it was then impossible for him to stop in time to avoid the injury.

The judgment is affirmed.

CROW, C. J., MAIN, ELLIS, and MORRIS, JJ., concur.