[No. 12164. Department One. January 8, 1915.]

I. M. GLADEN, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS — STREETS — INJURIES TO PEDESTRIAN— NEGLIGENCE OF CITY EMPLOYEES—EVIDENCE—SUFFICIENCY. Granting that a pedestrian was guilty of contributory negligence in crossing a wire, city employees reeling up the wire and knowing of his presence were bound to use a degree of care commensurate with the added danger; and whether they did so is a question for the jury, where it appears that the wire was held taut by a peavy stuck in the planking, that plaintiff started to cross the wire to board a street car, and was warned not to do so, and after waiting a short time, again started to cross, that the employee holding the peavy knew of his presence, and after he had allowed him to cross, the peavy gave way and plaintiff was caught in the snap of the wire.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 24, 1914, upon the verdict of a jury rendered in favor of a pedestrian injured through the work of removing city wires from poles in the street. Affirmed.

*James E. Bradford, Frank M. Egan,* and *William B. Allison,* for appellant.

*Reynolds, Ballinger & Hutson,* for respondent.

CHADWICK, J.—A crew of city employees was engaged in removing a line of wire on Alki avenue, near its intersection

[1]Reported in 145 Pac. 418.

with East street, in the city of Seattle. The method employed was to loosen the wire from the top of one pole, pass it through a pulley or snatch block, about four feet from the base of the next pole, then carry it across the street car tracks to a plank roadway on Alki avenue, where it was passed around and held taut by a peavy, stuck in the planking and held by one of the workmen. The wire was then conveyed down Alki avenue some distance to a reel placed on a wagon. After the wire was released from the poles it was wound up on the reel. At the time plaintiff was injured, the peavy was nearly opposite a platform which had been erected for the convenience of persons boarding street cars. Plaintiff's home was on the opposite side of the street from where the work was being done. He came out of his house and started across the street with the intention of boarding a street car. He was about to cross the wire when one of the workmen warned him not to do so. Plaintiff went back to the sidewalk and waited a short time and again proceeded on his way. He had crossed the wire and was near the platform when the peavy gave way, releasing the wire. He was caught by the snap of the wire and thrown down. There is testimony tending to show that the one who held the peavy knew of plaintiff's presence. At the time the injury seemed trivial. At the trial, plaintiff, who was advanced in years, was in a bad mental and physical condition. The jury found that he had been injured by the negligence of the employees of the city, and a verdict was returned in his favor. The city has appealed.

Although several questions are raised in the briefs, all were waived at the time of argument except the one of contributory negligence on the part of defendant.

In determining the question of contributory negligence, the first duty of the court is to ascertain the proximate cause of the injury, to disassociate the proximate from the supervening and intervening causes and ascertain from the whole

mass of the testimony that circumstance or set of circumstances but for which the accident would not have happened. Having this duty in mind, it seems to us that the case is controlled by two very recent decisions of this court, *Pearson v. Willapa Const. Co.*, 72 Wash. 487, 130 Pac. 903, and *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941. In the first of these cases it is said:

"When a plaintiff by his own negligence has placed himself in a dangerous position where injury is likely to result, the defendant with knowledge of the plaintiff's danger is bound to use reasonable care to avoid injuring plaintiff; and where, by the exercise of such care, defendant could avoid the injury but fails to do so, the defendant's negligence becomes the proximate cause of the injury and renders him liable."

In the latter case:

"This court has held, in accordance with many courts and with what we conceive to be the more logical as well as the more humane rule, that where the peril of a traveler on the highway is actually discovered and should be appreciated by the operator of a street car, or other agency of danger, there arises a new duty to exercise all reasonable care to avoid injury, and the failure to exercise such care, if it results in injury, will render a defendant liable notwithstanding the continuance of the plaintiff's negligence up to the instant of the injury."

Granting that plaintiff was negligent in passing over the wire at the time and at the place he did, it is clear that the employees of the city, knowing of his presence, were put to a higher duty than first imposed and it was incumbent upon them to use a degree of care commensurate with the added danger in which plaintiff had placed himself. Whether the employees of the city used such reasonable care knowing plaintiff's peril, was for the jury. The question has been decided in his favor, and against the city.

Affirmed.

CROW, C. J., GOSE, PARKER, and MORRIS, JJ., concur.