[No. 12475.  Department One.  February 2, 1915.]

## B. P. BRISCOE, *Appellant*, v. WASHINGTON-OREGON CORPORATION, *Respondent*.[1]

APPEAL—REVIEW—HARMLESS ERROR—ERROR NOT AFFECTING RESULT. Error in instructions to the jury is harmless, where the case should have been taken from the consideration of the jury, or no other verdict could be sustained.

MUNICIPAL CORPORATIONS—STREETS — NEGLIGENT USE — COLLISION WITH STREET CAR — CONTRIBUTORY NEGLIGENCE — EVIDENCE — SUFFICIENCY. The driver of an automobile was guilty of contributory negligence precluding any recovery, where it appears that, in making a right angle turn, he drove his car upon a street car track directly in front of an approaching street car, which was in plain sight, and was unable to stop in time to avoid a collision; his negligence being the proximate cause of the accident regardless of the speed of the approaching street car.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered July 7, 1914, upon the verdict of a jury rendered in favor of the defendant, in an action for damages from a collision with a street car. Affirmed.

*Walsh & Lee*, for appellant.

*Forney & Ponder*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover damages by reason of the alleged negligence of the defendant in the operation of a street car so that it collided with an automobile driven by the plaintiff. The defendant in answer to the complaint denied the allegations of negligence and alleged contributory negligence on the part of the plaintiff. Upon these issues, the case was tried to the court and a jury. A verdict was returned in favor of the defendant. The plaintiff has appealed.

Counsel for the appellant argue at length that the court erred in instructing the jury. The instructions complained of are not set out in the brief. Only a part of the instruc-

[1]Reported in 145 Pac. 995.

tions given by the court are set out in the appellant's abstract of the record.  The argument in the brief is directed to certain words and certain sentences which the appellant asserts should have been included or omitted in certain instructions.  It is difficult to understand, from reading the brief alone, the points attempted to be made by the appellant upon these instructions.  We have carefully read the instructions given by the court and are convinced that they contain a correct statement of the rules of law applicable to the case.  Clearly the appellant has no valid and reasonable complaint upon any of the instructions given.  They were certainly as favorable as he was justly entitled to.  We shall not enter into a discussion of the questions presented upon the instructions because we are satisfied that if there could be a case where it was the duty of the court to take the case from the jury or direct a verdict for the defendant, this is such a case.

It appears that the respondent was operating a street car line in the city of Centralia.  On June 28, 1913, the appellant stopped his automobile on the west side of Tower avenue in the city.  Thereafter he started his car south on this avenue and went for a short distance, possibly 100 feet, where he attempted to make a square turn east on Locust street which crossed Tower street at right angles.  As he did so he turned in front of a street car moving north on Tower avenue.  The automobile was damaged and the appellant himself was injured.  By the great preponderance of the evidence, both for the appellant and for the respondent, it was shown that the appellant, without any care for his safety, drove his automobile upon the street car track immediately in front of the moving street car.  Not only by the great weight of the evidence of the witnesses, of whom there were several, was this fact shown, but all the circumstances tended to show that the appellant carelessly and negligently drove his automobile in front of the approaching car, and that there was no time for the street car to be stopped and the accident avoided.  The negligence of the plaintiff

was clearly established. The only negligence claimed against the street car company was that the car was traveling at an excessive rate of speed. But whether it was or not, there was nothing in front of the appellant to obstruct his view. The street was open; the street car was in plain sight upon the track; and there can be no doubt of the fact that the proximate cause of the accident was the plaintiff's own negligence. The jury, under proper instructions, so found. We deem it unnecessary for this reason to consider the technical objections made to the instructions, or to consider the motion for a new trial. It is plain from the whole record that no other verdict could have been sustained, even though the criticisms of the instructions complained of by the appellant are well taken.

The judgment is therefore affirmed.

MORRIS, C. J., CHADWICK, PARKER, and HOLCOMB, JJ., concur.