[No. 13149.  Department One.  March 24, 1916.]

E. W. FOWLER, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

STREET RAILROADS—OPERATION—ACCIDENTS AT CROSSINGS—CONTRIB-UTORY NEGLIGENCE. It is contributory negligence, as a matter of law, for the driver of a horse and wagon, after looking back and observing the approach of a street car a block away, running fast, to pursue a course parallel to the street car track to the next crossing, and to turn abruptly in front of the car without looking.

Appeal from a judgment of the superior court for King county, Frater, J., entered July 12, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in a collision with a street car. Reversed.

*James E. Bradford* and *Melvin S. Good*, for appellant.

*Charles M. Baxter*, for respondent.

CHADWICK, J.—Respondent, a teamster of twenty years experience, was driving an express wagon north on Broad street, in the city of Seattle. He was driving along the east car track, the west track being, at the time, used for cars going both north and south. As he approached Seventh avenue north and when from thirty-five to fifty feet from the crossing, he looked and saw a street car approaching from the south. It was about a block and a half away as he then estimated the distance. A subsequent inspection and estimate fixed the distance at from three hundred to three hundred and ninety feet.

When respondent came to Seventh avenue he turned abruptly across the tracks. His horse had gotten over, but the car struck the wagon, demolishing it and injuring respondent. Negligence is alleged in that the car was being driven at an excessive rate of speed, and that no bell or warn-

[1]Reported in 156 Pac. 2.

ing was sounded to warn him of the near approach of the car. No claim is predicated upon the fact that the car was going north on the left track.

Appellant relies upon the defense of contributory negligence. Respondent says:

"A. I saw a car approaching about a block and a half. Q. After you had observed this car coming towards you, you didn't stop, after you once looked and saw this car approaching, you didn't at any other time pay any attention to it? A. No, sir, didn't pay no attention to it. Q. You simply went ahead and attempted to cross these tracks, didn't you? A. Yes, sir. Q. And you had crossed the right-hand track, that is, the right-hand track as you go from town? A. Yes, sir. Q. You had gotten clear over these tracks? A. Clear over. Q. And across the intervening space between the two tracks and onto the second, that is onto the left-hand track as you come from town? A. Yes, sir. Q. As I believe you testified, your horse had gotten over the last rail of the second track? A. Yes, sir. Q. So that the wagon then was immediately on the track itself? A. Yes, sir. Q. All this time, from the time when you first observed this car, you paid no attention whatever to the car itself? A. No, sir. Q. You weren't paying any attention so far as the car was concerned? A. No, I thought I was safe as it was. Q. Was there anything in front of your wagon to prevent you from seeing this car? A. No, sir. Q. What kind of a rig have you? A. I have got a horse and wagon. Q. Got a top on it? A. No, sir. Q. It didn't have a top? Q. There was nothing in the way, was there, to obstruct your view of the street car from the time you first saw it until it struck you? A. No, sir, nothing to obstruct me."

The fact is clear that respondent, after seeing a car approaching on a city street and appreciating that "they run pretty fast . . . like a whirlwind," and being in a situation that would indicate to the motorman that he intended to pursue a course parallel to the street car, suddenly turned in front of the car without looking and without taking any account for his own safety.  We have held such conduct to be negligence and denied a recovery in the following cases:

*Johnson v. Washington Water Power Co.,* 73 Wash. 616, 132
Pac. 392; *Beeman v. Puget Sound Traction, L. & P. Co.,* 79
Wash. 137, 139 Pac. 1087; *Gifford v. Washington Water
Power Co.,* 85 Wash. 341, 148 Pac. 11; *Arpagaus v. Washington Water Power Co.,* 86 Wash. 83, 149 Pac. 346; *Briscoe
v. Washington-Oregon Corporation,* 84 Wash. 29, 145 Pac.
995.

The case is on all fours, even to the contention that the car
was exceeding the speed limit, with the case of *Johnson v.
Washington Water Power Co., supra.* The rule as there laid
down, is:

"By stopping at any time before he reached the railway
track, the appellant would have been in a place of safety, and
for one in his situation, knowing as he must have known had
he looked in the direction of the car that it was almost upon
him, to stop before attempting to cross the track would have
been the exercise of only ordinary prudence and care. A
motorman has the right to assume that a person on the street
will exercise such care to avoid injury, and he may lawfully
act on that assumption, until the conduct of the person warns
him to the contrary."

Respondent relies principally upon: *Richmond v. Tacoma
R. & Power Co.,* 67 Wash. 444, 122 Pac. 351; *Morris v.
Seattle, Renton & Southern R. Co.,* 66 Wash. 691, 120 Pac.
534; *Gladen v. Seattle,* 83 Wash. 412, 145 Pac. 418.

The *Richmond* case is distinguished in the *Beeman* case.
The *Morris* case is distinguishable in that the plaintiff there
testified that he looked just before turning his horse toward
the crossing, and that no car was in sight. He drove slowly
onto the track, and then for the first time saw the car approaching so rapidly that he could not clear the crossing in
time to avoid the collision. In the *Gladen* case, we held that
one, knowing that another is in a place of danger, is bound
to use a degree of care commensurate with the danger in
which the one injured had placed himself. In other words,
one who sees and appreciates the danger of another must use
all reasonable care to protect him. If he does not, he himself

must answer as the author of the proximate cause. As in the *Johnson* case and the other cases cited, respondent voluntarily put himself in a dangerous situation without warning, and at a time when the exercise of reasonable care on the part of the motorman could avail him nothing in the way of protection.

Reversed and remanded with instructions to dismiss.

MORRIS, C. J., MOUNT, and ELLIS, JJ., concur.