[No. 16079. Department One. January 21, 1921.]

HENRY G. BOULTON, *Appellant,* v. THE CITY OF SEATTLE,
*Respondent and Cross-Appellant.*[1]

STREET RAILWAYS (20, 30)—COLLISION WITH VEHICLES—CONTRIBU·
TORY NEGLIGENCE—QUESTION FOR JURY. The violation of a city
ordinance does not make the driver of an auto truck in collision
with a street car guilty of contributory negligence as a matter of
law where it was not the proximate cause of the accident.

SAME. The contributory negligence of the driver of a truck
in driving upon a street railway crossing is a question for the
jury, where there was a dispute as to the speed of a street car ap-
proaching the crossing.

NEW TRIAL (21-24)—VERDICT CONTRARY TO EVIDENCE. The dis-
cretion of the trial court in granting a new trial upon conflicting
evidence will not be disturbed on appeal where the facts were such
that the trial court might feel that they did not justify the verdict.

Cross-appeals from a judgment of the superior
court for King county, Ralston, J., entered April 23,
1920, upon granting defendant's motion for new trial
after the verdict of a jury in favor of the plaintiff, in
an action for damages sustained in a collision between
a street car and an auto truck. Affirmed.

*Piles & Halverstadt* and *F. C. Reagan,* for appellant.

*Walter F. Meier* and *Ewing D. Colvin,* for respond-
ent and cross-appellant.

HOLCOMB, J.—Plaintiff sued to recover damages for
injuries to his automobile truck resulting when it col-
lided with one of defendant's street cars. The jury
returned a verdict for plaintiff. Defendant thereupon
moved for judgment notwithstanding the verdict and
for a new trial. The court denied the motion for judg-
ment notwithstanding the verdict, and granted the
motion for a new trial upon the stated ground that, in

[1]Reported in 195 Pac. 11.

his opinion, the jury "took up matters outside the record." Defendant, at the conclusion of plaintiff's case, moved for a nonsuit, and at the conclusion of all the evidence moved for a directed verdict; and, plaintiff having appealed from the order granting a new trial, defendant cross-appealed from the order denying the motion for judgment n.o.v. and denying the directed verdict and the nonsuit.

A summary of the facts out of which the action grew is as follows: On, and for several days prior to, April 22, 1919, appellant had been engaged in hauling dirt or gravel in his truck from a steam shovel at a point on Forty-fifth street, northeast, in the city of Seattle, for use in the construction of a bridge; and on the day in question, at about one o'clock in the afternoon, he was driving his truck north on the east side of Eleventh avenue, northeast, for another load of material. His practice had been, upon getting a load, to drive east on east Forty-fifth street to Eleventh avenue, thence south to the approach to the new bridge at Tenth avenue northeast. Returning in his empty truck for another load, he would go north on Eleventh avenue and west on east Forty-fifth street to the gravel pit. In making these trips, he passed, about every half hour, the street intersection where the accident occurred.

He testified that he had been accustomed, as he came up Eleventh avenue, to look between buildings across lots toward east Forty-fifth street, to see whether any street car or automobiles were coming; that, just before the accident occurred, he so looked and saw no car, he at that time being some distance down on Eleventh avenue; that, upon coming into the street intersection, he looked once more—this time west on east Forty-fifth street—and saw a street car,

as he says, about one hundred twenty-five or one hundred thirty feet away; that he was then about thirty feet from the point on the street railway tracks where his truck collided with the street car; that he assumed the car was coming at a normal and legal rate of speed and that he had sufficient time to cross in front of it, and so continued to cross east Forty-fifth street; that, when he was practically on the street car tracks and it was too late to stop, he saw the car approaching at an unusual rate of speed and almost upon him; that he "stepped on the gas," but the car struck the rear of his truck and turned it around ten or fifteen feet. He was then driving the truck at a speed of about ten miles an hour.

The legal rate of speed for the street car was twenty miles an hour. Appellant claims that it was traveling at a high or unusual rate of speed. Supporting this contention, appellant attempts to show the relative distance of the two vehicles from the point of collision, and having given the speed of the truck as ten miles an hour, points to the conclusion that the car must therefore have been traveling at a rate of speed in excess of that permitted by the city ordinance, and that such violation of the ordinance was the proximate cause of the accident. Upon appellant's assumption, the street car had about four times as great a distance to cover, in order to reach the point of collision, as did the truck, which was approaching at a speed of ten miles an hour. This suggests that the street car was approaching at a speed of about forty miles an hour. The street car had, however, come to a full stop at Tenth avenue, the first street west of Eleventh avenue; and when the motorman started it again, he testified that he "coasted" the distance from Tenth avenue to Eleventh avenue.

The motorman also testified that at no time did his car travel faster than eight or ten miles an hour in the block between Tenth and Eleventh avenues just before the collision; that he was twenty or thirty feet from the street intersection when he first saw appellant's truck approaching the tracks; that he rang his bell and slowed down the speed of his car to about six miles; that appellant slackened the speed of his truck, so he (the motorman) kept coming; that appellant then started to go a little faster, whereupon the motorman reversed his car in an effort to avoid the accident; that, after striking the truck, the street car traveled not more than four feet before coming to a complete stop. The conductor corroborated the motorman's testimony in practically every respect.

One Mr. Crim, a disinterested eye-witness of the accident, testified that, just prior thereto, the street car was traveling at about eight miles an hour; that the car was then about its own length (forty feet) from the point of collision, and the truck was not yet on the tracks, but approaching them from a point about on a line with the sidewalk. This witness, as well as the motorman and the conductor, testified that appellant "cut the corner," or failed to go around the center of the intersection of the two streets, in compliance with the city ordinance, as he should have done in making the turn into east Forty-fifth street where he intended to go.

Appellant admitted, upon cross-examination, that he could not accurately estimate the speed at which the car was traveling, but said that when he got into the street intersection he saw that the car was coming very fast; that he did not realize that it was coming so fast until he got very close to the car track and the motorman began to ring his bell; that he was observing the car all the time. He also testified that he could

have stopped his truck within its own length, or within fifteen feet. He was traveling up grade; the car was coming down grade. When appellant reached the sidewalk line, his truck was a distance of somewhat more than its length from the nearest rail of the track on which the car was approaching. If the street car were at that time as far away as appellant said he thought it was, it would, as has already been remarked, have been traveling more than forty miles an hour.

Cross-appellant cites the cases of *Bernhard v. Reeves,* 6 Wash. 424, 33 Pac. 873; *Larson v. American Bridge Co.,* 40 Wash. 224, 82 Pac. 294, 111 Am. St. 904; *Dyer v. Middle Kittitas Irr. Dist.,* 40 Wash. 238, 82 Pac. 301; *Roe v. Standard Furniture Co.,* 41 Wash. 546, 83 Pac. 1109; *Paich v. Northern Pac. R. Co.,* 82 Wash. 581, 144 Pac. 919; *Johnston v. Nichols,* 83 Wash. 394, 145 Pac. 417; *Devitt v. Puget Sound T., L. & P. Co.,* 106 Wash. 449, 180 Pac. 483; and *Lauridsen v. Bowden, Gazzam & Arnold,* 107 Wash. 310, 181 Pac. 885, as determining that, under such facts as are here shown, it should be held, as a matter of law, that appellant was guilty of such contributory negligence as to bar his recovery. Cross-appellant further contends that, under the facts, appellant violated the city ordinance in failing to go around the center of the intersection of the streets, and that such violation of positive law rendered him guilty of negligence *per se,* by reason of which he cannot recover.

There is nothing in the situation shown under the facts in this case that renders the violation of the traffic ordinance by appellant, in failing to round the center of the intersection of the streets, the proximate cause of the accident. This case is very similar in its facts to the recent case of *Nabours v. Seattle,* 113 Wash. 557, 194 Pac. 800, wherein we held that we could not say, as a matter of law, that plaintiff was

guilty of contributory negligence, but that the same was a question of fact for the jury.

Although the trial court was somewhat vague in the reason upon which he granted the new trial, we are of the opinion that, if he felt the facts which he had heard in the trial were such as to not justify the verdict returned by the jury, he could properly exercise his discretion in granting a new trial. Conceiving that that was what the trial court undoubtedly intended, and no more, and, since the questions of fact are very close, we think the trial court was justified in granting a new trial, and will affirm the order granting a new trial.

Affirmed.

PARKER, C. J., MACKINTOSH, and FULLERTON, JJ., concur.