[No. 16305.   Department Two.   April 11, 1921.]

E. J. DUFORD, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

STREET RAILROADS (20)—OPERATION—ACCIDENTS AT CROSSING—CONTRIBUTORY NEGLIGENCE. The driver of a wagon was guilty of contributory negligence, where the road paralleled a street car track and he looked back and saw a street car about one to one and one-half blocks away approaching "pretty fast," and after driving slowly a little farther, turned abruptly to cross the car track without noticing the proximity of the approaching car, which struck the wagon.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 26, 1920, upon granting a nonsuit, dismissing an action for personal injuries sustained in a collision with a street car. Affirmed.

[1]Reported in 197 Pac. 14.

*Walter B. Allen,* for appellant.

*Walter F. Meier* and *Ewing D. Colvin,* for respondent.

MITCHELL, J.—The appellant brought this action against the city of Seattle to recover for injuries to his person and property, caused by a collision between one of the city's street cars and the horse and wagon driven by the appellant. He was nonsuited in the trial court, and from a judgment of dismissal of the action prosecutes this appeal.

The respondent owns and operates a system of street railways. One of its lines extends along Westlake avenue, which runs north and south. It is a double track line—cars running north occupy the easterly track. The avenue is intersected by Ninth avenue, which runs in a northwest and southeast direction. About five o'clock on the afternoon of September 5, the appellant was driving a one-horse laundry wagon north on Westlake avenue. He was on the way to the Superior Laundry, which was situated on the southerly side of Ninth avenue and westerly from Westlake avenue a distance of about one hundred and fifty feet. His wagon was the ordinary covered laundry wagon with a window in the rear curtain and one in each curtain on the sides of the driver's seat. He had been engaged in the business at which he was then employed some fourteen or fifteen years, the last few of which he transacted business with the Superior Laundry, and was entirely familiar with the scene of the accident and its surroundings.

On the occasion of the accident, he traveled north on the east side of Westlake avenue, his horse trotting down the avenue, until he reached a point about fifty

feet south of the southerly curb line of Ninth avenue, at which time he looked back and saw a street car approaching "pretty fast" from the south, about "one to one and a half blocks away." Then still going north, he let his horse walk, paralleling the nearer street car track, ten or twelve feet from it, veering slightly to his right, until he reached a point indicated by the southerly curb line of Ninth avenue extended, where he turned abruptly to his left, and in crossing the street car track his wagon was struck by the north-bound street car, resulting in the injuries complained of. There was no other traffic nor any pedestrian on the street in the vicinity at that time.

The appellant was hard of hearing, and he testified that, after seeing the approaching car when it was one to one and a half blocks away, he gave it no further attention until, on crossing the track, he heard the street car gong, but too late to avoid the collision. The only other witness for the appellant was a merchant who was engaged in his place of business near the scene and who first became aware of the trouble by the crash of the collision. There was no testimony as to the speed of the car other than that of the appellant that "it was coming pretty fast", and that of the merchant, who said the car was stopped about one hundred to one hundred and fifty feet after striking the wagon. It appears that, in turning to his left just before the collision, the appellant was going directly towards the laundry, situated on his left-hand side of Ninth avenue, rather than proceed across the center of Ninth avenue before turning to the left, as he admitted he usually did.

In all essential particulars, this case is similar to the case of *Fowler v. Seattle,* 90 Wash. 375, 156 Pac. 2, wherein, notwithstanding a verdict and judgment in

favor of the plaintiff, a dismissal was directed by this court. The facts in that case as stated by the court were:

"Respondent, a teamster of twenty years experience, was driving an express wagon north on Broad street, in the city of Seattle. He was driving along the east car track, the west track being, at the time, used for cars going both north and south. As he approached Seventh avenue north and when from thirty-five to fifty feet from the crossing, he looked and saw a street car approaching from the south. It was about a block and a half away as he then estimated the distance. A subsequent inspection and estimate fixed the distance at from three hundred to three hundred and ninety feet.

"When respondent came to Seventh avenue he turned abruptly across the tracks. His horse had gotten over, but the car struck the wagon, demolishing it and injuring respondent. Negligence is alleged in that the car was being driven at an excessive rate of speed, and that no bell or warning was sounded to warn him of the near approach of the car."

In discussing the case it was said:

"The fact is clear that respondent, after seeing a car approaching on a city street and appreciating that 'they run pretty fast . . . like a whirlwind,' and being in a situation that would indicate to the motorman that he intended to pursue a course parallel to the street car, suddenly turned in front of the car without looking and without taking any account for his own safety. We have held such conduct to be negligence and denied a recovery in the following cases: *Johnson v. Washington Water Power Co.*, 73 Wash. 616, 132 Pac. 392; *Beeman v. Puget Sound Traction, L. & P. Co.*, 79 Wash. 137, 139 Pac. 1087; *Gifford v. Washington Water Power Co.*, 85 Wash. 341, 148 Pac. 11; *Arpagaus v. Washington Water Power Co.*, 86 Wash. 83, 149 Pac. 346; *Briscoe v. Washington-Oregon Corporation*, 84 Wash. 29, 145 Pac. 995."

Further, the opinion quotes from the case of *Johnson v. Washington Water Power Co., supra*, and concludes the opinion as follows:

"As in the *Johnson* case and the other cases cited, respondent voluntarily put himself in a dangerous situation without warning, and at a time when the exercise of reasonable care on the part of the motorman could avail him nothing in the way of protection."

Upon the authority of those cases, the judgment in this case is affirmed.

PARKER, C. J., TOLMAN, MAIN, and MOUNT, JJ., concur.