[No. 16523.    Department One.    January 19, 1922.]

## Homer Harris *et al., Respondents,* v. The City of Seattle, *Appellant.*[1]

Street Railroads (20)—Accidents at Crossings—Automobiles
—Contributory Negligence — Evidence — Sufficiency.    The driver
of an automobile truck approaching a street car crossing is guilty
of such contributory negligence as to bar recovery for injuries to
his truck and person resulting from a collision with the street car,
where he looks in the direction of an approaching street car before
he reaches the cross-street and, seeing no car because of intervening
bill boards, drives straight ahead at twelve to fifteen miles per
hour, and does not look again until within about thirteen feet of the
car line, when it is too late to stop his car.

Appeal from a judgment of the superior court for
King county, Jurey, J., entered January 7, 1921, upon
the verdict of a jury rendered in favor of the plaintiffs,
in an action for injuries sustained in a collision be-
tween an automobile and a street car.    Reversed.

*Walter F. Meier* and *Ewing D. Colvin,* for appellant.
*Beeler & Sullivan,* for respondents.

Fullerton, J.—This action grows out of a collision
between a Ford automobile truck owned and driven
by the respondent, and a street car owned and operated
by the appellant, city of Seattle.    The collision oc-
curred at the junction of East Union street and Nine-
teenth avenue, both public streets of the appellant city.

[1]Reported in 203 Pac. 943.

Union street extends east and west from the point of junction, and Nineteenth avenue north and south therefrom. Nineteenth avenue is comparatively level. Between Eighteenth avenue, the next street to the west, and Nineteenth avenue there is a down grade of thirteen and one-half per cent. Both streets are paved, and on Union street there is a double street car track. The street junction is in quite a thickly settled residence district, and, in addition to the dwelling houses erected on the bordering lots, there is a high billboard, constructed on the property line, and extending for a considerable distance back each way from the southwest corner of the street junction, which obstructs the view of Union street from any one approaching on Nineteenth avenue from the north, and the view of Nineteenth avenue from any one approaching on Union street from the west. The street car with which the automobile collided was traveling eastward on the south track of the railway line. The respondent approached from the north. The place in the street where the collision occurred is a matter of dispute in the evidence; but accepting as true the respondent's version, it occurred on the west side of Nineteenth avenue, the side of the approach of the street car, at about the point of junction of Union street therewith. The collision injured the respondent's truck, and caused serious injuries to his person. In this action he recovered in the court below, and the city appeals from the judgment entered against it.

The respondent's version of the surrounding conditions and of the manner in which the accident happened is the version, of course, that the jury had the right to believe. His story is in substance this: As he approached Union street, the scene of the accident, he was traveling at a speed of about twelve miles an hour—at no time exceeding fifteen miles per hour. On

nearing the street intersection, but before he had reached it, he looked to the right up Union street as far as the billboards hereinbefore mentioned permitted him to see, and saw no street car or other traffic approaching from that direction. At that time of the day—8:10 a.m.—the principal traffic on Union street was towards the city—the west. After looking to the right, the respondent looked to the left, and while he saw a number of automobiles approaching, saw none which would interfere with his crossing, and entered the street without slackening his speed. He did not look to the right on entering the street, at which place the entire street for a distance of more than three hundred feet was open to his vision, nor did he look until he reached a point some thirteen feet from the north rail of the east-bound car track. He then looked and saw a street car approaching from the west, the exact distance of which he was unable to do more than merely approximate; that he did not slacken his speed, nor change his course, but continued on in the direction of the tracks, and was struck by the street car mentioned, about the time the front wheels of his truck got between the rails of the track on which the street car was running. The respondent testified further that, at the time he saw the street car, he was too close to its track to stop his truck at the speed it was going before he reached the track. More particularly, he said that the automobile could not have been stopped at less than fifteen feet, while the distance from the car track was but thirteen feet. The street car, of course, had some overhang, and it is probable that he was less than eleven feet from the zone of danger when he first looked for an approaching car from any point where the car would be within his range of vision.

There was evidence, negative in its nature, tending to show that the street car gong was not sounded, and

evidence also, independent of the respondent's testimony, that it was traveling at a speed in excess of the limit fixed by the city ordinances, and evidence tending to show that the motorman operating the street car was, just prior to the collision, inattentive to his duties —evidence from which the jury was warranted in finding that the operators of the street car were negligent.

The question then is, was the respondent guilty of such contributory negligence as to preclude a recovery? It is our conclusion that he was. A driver of an automobile on approaching a street car track for the purpose of crossing must make a reasonable use of his senses to guard his own safety, and a failure so to do is negligence. *Bowden v. Walla Walla Valley R. Co.,* 79 Wash. 184, 140 Pac. 549.

"A driver of an automobile may not deliberately drive upon the street car track which is open and apparent, and excuse himself by saying that he looked and did not see that which no one could avoid seeing if he had looked; or that he was giving his attention to his machine, when common prudence demanded that he give some part of his attention to his own safety." *Herrett v. Puget Sound T., L. & P. Co.,* 103 Wash. 101, 173 Pac. 1024.

In this instance the respondent has not the excuse of looking and failing to see. As said by his learned counsel:

"The undisputed evidence is that the respondent *as he approached,* but *before he arrived at the property line,* looked to the right, that is, westward up East Union street. He did not see the car on East Union at that time. It (the car) undoubtedly was at some point on East Union east of Eighteenth avenue and west of the alley, so that he could not see the street car at that moment because the billboards on the northwest corner obstructed his view. Had he been on the property line he could have seen the street clear up to Eighteenth avenue, *but he was not on the property line. He was*

*approaching the property line when he first looked."*
(The italics are counsel's.)

The evidence also clearly shows that he did not again look for an approaching car until he had reached the zone of danger, too late to avoid a collision with the approaching car.

If a driver of an automobile may not excuse himself from a charge of negligence by saying he looked and did not see that which no one could avoid seeing had he looked, manifestly he is equally guilty of negligence if he does not look at all, or what is the same thing, looks from a place where an obstruction prevents him from seeing.

The judgment is reversed, and remanded with instructions to dismiss the action.

MITCHELL, BRIDGES, and TOLMAN, JJ., concur.