[No. 16682.  Department One.  January 23, 1922.]

## A. Joseph Berriat, *Respondent*, v. Washington Water Power Company, *Appellant*.[1]

Street Railways (20)—Crossing Accidents—Contributory Negligence—Driver of Vehicles. The driver of a vehicle who crosses a street railway track between street intersections, where street cars have the right of way under a city ordinance, is under the duty of exercising continuous observation for the purpose of avoiding injury, and though his wagon was struck by a street car proceeding at an excessive rate of speed, his own contributory negligence, after noticing the car some 300 feet away, in driving slowly upon the track without again looking before reaching that point, is sufficient to bar recovery for injuries to himself and vehicle arsing from a collision.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered December 2, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.  Reversed.

*Post, Russell & Higgins*, for appellant.

*Davis & Neil* and *Frank Yuse*, for respondent.

Tolman, J.—Respondent, as plaintiff, sued on two causes of action; first, to recover for personal injuries; and second, to recover damages to the personal property of his employer injured in the same accident, the latter claim having been assigned to him by the owner of the property.  The case was tried to a jury, which rendered a verdict in respondent's favor for $1,178 on both causes of action.  A judgment was entered on the verdict, and this appeal followed.

The defendant below, appellant here, assigns error upon the denial by the trial court of its motion for judgment at the close of plaintiff's case; its motion for judgment at the close of the entire case, and for

[1] Reported in 203 Pac. 936.

judgment notwithstanding the verdict, interposed after the verdict was rendered. The sole question here, therefore, is, was there sufficient evidence to take the case to the jury.

Briefly stated, the record discloses the following facts: Respondent was driving a milk wagon, drawn by a team of horses, on Riverside avenue, in the city of Spokane, between 12 and 1 o'clock noon, on June 5, 1920. Proceeding eastward on the south side of the street, he made a stop midway between Bernard street on the west and Brown street on the east, to deliver milk at a restaurant. As he came out of the restaurant after making the delivery, he looked to the west along Riverside avenue and saw an eastbound street car stopped at the far side of Bernard street for the purpose of discharging or receiving passengers, a distance from him at the most some 300 feet. Without paying further attention to the car, he entered his wagon, started his team, held out his hand to the left, and turned as directly as he could across the street for the purpose of making deliveries on the other side. The distance from the curb to the south rail of the eastbound track is twenty-eight feet, and the team moved at a slow walk, going, as respondent repeatedly testified about two miles per hour. After the team was upon the street car tracks, and apparently about as the front end of the wagon reached the south rail, respondent again looked toward the west and saw the street car distant from him only some thirty-five feet, and approaching him at a speed which he estimated at between twenty and twenty-five miles per hour. He endeavored to hasten the movement of his team, but with little success, and the street car struck the wagon near the middle, or to the rear of the middle, inflicting the injuries complained of.

The maximum speed limit for street cars at the place of the accident was, by city ordinance, fixed at fifteen miles an hour. There was no intervening traffic to interfere with the view of the motorman operating the street car, or with respondent's view. There was sufficient evidence that the street car was exceeding the speed limit, and that the motorman was not keeping a lookout, to take the case to the jury on the question of appellant's negligence, if that were the only issue. Appellant, however, pleaded the defense of contributory negligence, based upon two grounds: First, the failure to give the proper signal before turning across the street, as required by the city ordinance; and second, the failure to recognize the right of way between cross-streets given to street cars over all other vehicles by city ordinance.

As to the first ground, there was evidence of a signal having been given, and a liberal construction of appellant's testimony regarding the giving of the signal would probably justify a jury in finding that it was given substantially as the ordinance requires. The second ground, however, presents a more serious question. It must be borne in mind that respondent was attempting to pass over the street car tracks midway between street intersections, at a point where the street car had the right of way under the ordinance, and where it was his duty to reasonably give way to a street car which he knew, or should have known, was approaching.

It was said in *Johnson v. Johnson*, 85 Wash. 18, 147 Pac. 649:

"If the conceded right of way means anything at all, it puts the necessity of continuous observation and avoidance of injury upon the driver of the automobile (the person not having the right of way) when approaching a crossing, just as the necessity of the case

puts the same higher degree of care upon the pedestrians at other places than at crossings.''

This doctrine was approved in *Crowl v. West Coast Steel Co.*, 109 Wash. 426, 186 Pac. 866, and has been consistently followed in subsequent cases. So, applying the doctrine here, when respondent undertook to cross the street car tracks at a place other than a street intersection, he was under the duty and necessity of exercising continuous observation for the purpose of avoiding injury, a duty which his own testimony shows he did not perform. Hence it follows that he was guilty of contributory negligence and cannot recover.

Reversed, with instructions to grant appellant's motion for judgment *non obstante veredicto*.

PARKER, C. J., MITCHELL, BRIDGES, and FULLERTON, JJ., concur.