[No. 17116.   Department Two.   July 26, 1922.]

# F. A. SWANSON, *Respondent,* v. PACIFIC NORTHWEST TRACTION COMPANY *et al., Appellants.*[1]

STREET RAILROADS (20, 30)—COLLISION WITH VEHICLE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.  The driver of a delivery truck is not guilty of contributory negligence in attempting to drive fifty feet across street car tracks, from the fact that he looked and saw an approaching interurban car 200 feet away, where he had a right to assume that the car would not exceed the speed limit, in which case he would have had time to cross; an ordinance giving the street car the right of way having no application to such a case.

SAME (33)—NEGLIGENCE—DUTY TO GIVE WARNING—INSTRUCTIONS.  In an action for damages through a collision of a street car and an automobile, it is not error to refuse an instruction that a whistle or warning was not necessary if plaintiff knew of the approaching street car before driving on the tracks, where the jury were told that a warning was not imperative, and a failure not alone sufficient to warrant recovery.

DAMAGES (81)—PERSONAL INJURIES—EXCESSIVE VERDICT.  A verdict for $3,500 for injuries sustained in a street car and automobile collision is not excessive, when plaintiff was severely injured, more or less permanently, and incapacitated for six months, and under the care of a physician at the time of trial.

Appeal from a judgment of the superior court for King county, Hall, J., entered October 22, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages sustained by a truck driver through collision with a street car.   Affirmed.

*James B. Howe* and *Hugh A. Tait,* for appellants.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

HOLCOMB, J.—This action was to recover for personal injuries alleged to have been received by respondent, and damages to his Ford automobile truck, as a result of a collision between such truck and one of the electric interurban cars owned by the appellant rail-

[1]Reported in 208 Pac. 10.

way and, at the time, operated by the appellant Nelson.

The accident occurred on April 15, 1921, at the intersection of Phinney avenue and North 47th street, in Seattle.

Respondent alleged that the collision was due to, and proximately caused by, the negligence of appellants, and especially the negligence of the appellant Nelson while in the course of his duties as an employee of the traction company, and while he was acting for and on behalf of, and as the servant and agent of, the traction company, the negligence of appellant being alleged as follows:

"(a) The defendants, when the said car was approaching North 47th Street, negligently and carelessly and unlawfully failed to sound any warning or to ring any bell, or to in any way apprise any person that might be on said street of the approach of its car, although the defendants well knew that North 47th street was open to traffic and was being used by residents of the city of Seattle as a much traveled thoroughfare.

"(b) The defendants negligently permitted and allowed the said street car to approach and come up to and onto North 47th street at a high and dangerous and unlawful rate of speed, at least forty (40) miles per hour, and without having and keeping the said car under control.

"(c) The defendants, when their car was approaching North 47th street negligently, carelessly and unlawfully failed to keep a lookout for approaching vehicles on North 47th street, and failed to use reasonable care to avoid a collision with plaintiff's automobile.

"(d) The defendants, after they saw, or by the exercise of reasonable care should have seen, that their car was apt to collide with the plaintiff's automobile, and at a time when by the exercise of reasonable care could have avoided the collision in question, negligently

and carelessly failed to use proper efforts to avoid said collision."

Respondent further alleges that the operation of appellants' car at the time and place of the accident was in violation of a city ordinance of Seattle.

Appellants filed separate answers, denying the allegations of negligence, and pleading affirmatively that respondent was guilty of contributory negligence, which allegations of contributory negligence were denied by respondent's replies. The jury awarded a verdict of $3,500 in favor of respondent against both appellants.

Appellants had requested the court to instruct the jury to return a verdict in their favor, which was denied, and after the verdict, moved for judgment n. o. v., and in the alternative for a new trial, which motions were denied.

The evidence on behalf of respondent shows that he left his home on Whitman avenue, ten or fifteen blocks east and south of the North 47th street and Phinney avenue intersection in Seattle, driving his Ford delivery truck, which he used in delivering groceries and merchandise, arriving at the intersection of those streets at about 3:20 p. m. About fifty feet from the place where the collision occurred, he brought his automobile practically to a stop, and looking to the north a distance of about seven hundred feet saw a car of the appellant company entering Phinney avenue at North 50th street. At the same time he looked to the south and saw a street car of the city of Seattle about two blocks away, or at North 45th street. There being no danger, apparently, from either car, he proceeded in low gear, at about two miles an hour, across the street. As the front wheels of his automobile got just across the east rail of the west track, or the track along which

the interurban car of appellant company was being operated, he looked again, at which time appellants' interurban car was only about seventy feet distant. He turned on more gas, and endeavored to cross the street, but within less than a second was struck by appellants' car and carried a distance of about one hundred feet before the interurban car was stopped. Respondent's grocery store is on the southwest corner of the intersection of North 47th street and Phinney avenue; the crossing over the street-car tracks was in such a condition that it was necessary for respondent to drive slowly and pick his way across the street, and make a sharp turn after he had crossed the street car tracks in order to come in front of his store. It was shown that no bell or warning of any kind was sounded by the appellant Nelson, who was the motorman and operator of the street car in question at the time of the collision. It was also shown that respondent traveled in his automobile a distance of about fifty feet, or at the rate of about two miles an hour, while appellants' car ran something over seven hundred feet, or about fourteen times as fast as respondent was traveling. There was testimony that the interurban car was moving at the rate of between thirty-five and forty miles per hour; that it was "just tearing down the street"; that it was going unusually fast. A witness testified that she never remembered seeing the interurban car pass that particular place going at that rate of speed before; and that it did not appear to slacken its speed at all before it crossed the sidewalk on the north side of North 47th street. There was testimony also that the motorman was not keeping a lookout but was facing back into the car. He was either talking to some one, or else he was looking back into the car. He did not turn around until just as the car was about to crash into the automobile.

Respondent was severely injured. His right shoulder was partially dislocated and he sustained serious concussion of the brain, and the nervous shock incident to the injury affected his heart action, producing intermittent pulse. His nervous system has been so deranged that he cannot control himself, becoming at times hysterical, and subject to fits of wandering. The automobile truck or delivery wagon was damaged to the extent of $300.

Appellants urge that their request for an instructed verdict in their favor should have been granted, or that the motion for judgment n. o. v. should have been granted, because they insist that the evidence shows that respondent was guilty of contributory negligence so that he should not recover, as a matter of law.

Subdivision 6, § 28, p. 272, ch. 96, Laws of 1921, is quoted as follows:

"6. Drivers (of automobiles), when approaching highway intersections, shall look out for and give right-of-way to vehicles on their right, simultaneously approaching a given point: *Provided, however,* That street and interurban cars and emergency vehicles shall have the right-of-way at all times at such highway intersections." Rem. Comp. Stat., § 6340.

It is contended, therefore, that, because respondent saw the traction car seven hundred feet away when he was fifty feet away, he was guilty of contributory negligence in going across the track in front of the moving car, which he knew was moving, since, under the law, the electric car had the right of way. Appellants cite the following cases from this court to sustain their contention: *Johnson v. Johnson,* 85 Wash. 18, 147 Pac. 649; *Daugherty v. Metropolitan Motor Car Co.,* 85 Wash. 105, 147 Pac. 655; *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866; *Olsen v. Peerless Laundry,* 111 Wash. 660, 191 Pac. 756; *Berriat v.*

*Washington Water Power Co.*, 118 Wash. 481, 203 Pac. 936; *Shilliam v. Newman*, 94 Wash. 637, 162 Pac. 977; *Elmberg v. Pielow*, 113 Wash. 589, 194 Pac. 549; *Harris v. Seattle*, 118 Wash. 327, 203 Pac. 943; *Duford v. Seattle*, 115 Wash. 309, 197 Pac. 14; *Heath v. Wylie*, 109 Wash. 86, 186 Pac. 313; *Herrett v. Puget Sound Tr., L. & P. Co.*, 103 Wash. 101, 173 Pac. 1024; *Fowler v. Seattle*, 90 Wash. 375, 156 Pac. 2; *Briscoe v. Washington-Oregon Corp.*, 84 Wash. 29, 145 Pac. 995; *Beeman v. Puget Sound Traction, L. & P. Co.*, 79 Wash. 137, 139 Pac. 1087; *Sadler v. Northern Pac. R. Co.*, 118 Wash. 121, 203 Pac. 10.

Appellants' position seems to be that, since the interurban car had the right of way under the statute, it was the duty of respondent, after having once seen the approaching car, to keep a continuous lookout for the same, and that having failed to do so, and having failed, after once observing it, to look a second time until after his front wheels were across or upon the track, conclusively establishes his contributory negligence as a matter of law.

With this contention we cannot agree. In the first place, respondent had looked in two directions. There was a car coming from the south on the other track, and not quite so far away. In the next place, he had a right to assume that appellants' car would be run at the rate of speed required by the ordinance within the limits of Seattle, which was not done, according to the evidence. Again, it is shown in this case that the operator of the street car was himself guilty of negligence in not keeping a proper lookout, but in fact looking backwards instead of forwards when approaching this street intersection.

This case is therefore a stronger case against the appellants than that of *Nabours v. Seattle*, 113 Wash. 557, 194 Pac. 800, in which case the driver of a truck in

approaching a crossing of street car tracks at a street intersection looked and saw a car approaching six hundred feet away, and considered that he had time to cross, which was error, owing to the unlawful speed of the street car. We there held that he was not guilty of contributory negligence, as a matter of law, in such case. The city ordinance giving street cars the right of way and making it unlawful to obstruct the track did not affect the matter. There were some similar situations in *Goldsby v. Seattle,* 115 Wash. 566, 197 Pac. 787; *Johnson v. Seattle,* 113 Wash. 487, 194 Pac. 417; *Boulton v. Seattle,* 114 Wash. 234, 195 Pac. 11, and *Beeman v. Tacoma R. & P. Co.,* 112 Wash. 164, 191 Pac. 813.

The instant case falls under the cases just above cited, and presents a question of negligence and contributory negligence as questions of fact for the jury.

The court was therefore correct in refusing to direct a verdict for appellants, and in denying the motions for judgment n. o. v. and for a new trial.

Errors are claimed in refusing an instruction requested by appellants, and in giving two instructions as given by the court. The instructions given follow the law as it has been pronounced by this court in some of the cases sustaining recoveries in such cases as this, and which are above cited in this opinion. The instruction refused was to the effect that the only purpose of blowing a whistle or ringing a bell was to give warning to persons upon the streets and highways that there was a car approaching, and if the jury found that the plaintiff, before driving upon the tracks, saw or knew that the electric car that collided with him was approaching, he had all the information that the blowing of a whistle or the ringing of a bell could give him; that it was not negligence on the part of defendants under such circumstances to fail to blow a whistle or

ring a bell.   The court did, however, instruct the jury to the effect that the law does not impose the imperative duty of blowing a whistle, ringing a bell, or giving warning in advance of reaching each crossing, and that the failure to do so alone would not warrant the jury in returning a verdict for plaintiff.   The court also carefully instructed as to the duty of drivers of automobiles crossing street railways; that such driver must use his senses and act as a reasonably cautious man would act under similar circumstances in order to avoid injury.   The jury were instructed that the presence of a street railway track on a street is of itself a warning of danger; and that the law will not permit one to drive an automobile blindly forward upon a street car track without having exercised reasonable caution for his own safety, and then place the entire blame upon the owner and operator of the street car in the event of accident.   In fact, the rights of appellants were carefully protected by the instructions of the court to the jury, and we do not feel that appellants were prejudiced by the refusal of the court to give their requested instruction above mentioned.

In fact, the instruction requested would have been improper.   Respondent had two street cars to watch, and he had a right to assume that neither one would exceed the speed limit fixed by law.   When one of them was violating the law, it certainly was its duty to warn persons using the streets and crossing the tracks in some way when the operator saw, or should have seen, that a person was moving into danger.   When a street car was at a distance apparently safe, unless moving unlawfully, travelers upon the street had the right to cross the tracks, otherwise they might never cross. The requested instruction was not framed to meet this situation, and was therefore improper.

Nor can we find the verdict excessive under the evidence furnished by respondent. His condition before the injury was shown to have been that of a strong able-bodied man, by occupation an iron moulder, able to earn at his trade seven dollars per day. For a short time prior to the accident he had been engaged in the operation of a grocery store, in an effort to establish his sons in business. He was wholly incapacitated by the injury from going to the store for a month, and six months afterwards, at the time of the trial, his condition, though somewhat improved, was still such that he was under the care of a physician at times, and two physicians testified that his injuries were more or less permanent. The nature of his injuries were stated in the fore part of this opinion.

The judgment of the trial court is affirmed.

PARKER, C. J., MACKINTOSH, HOVEY, and MAIN, JJ., concur.