[No. 18656.  Department One.  June 10, 1924.]

JACOB BROOKS, *Appellant*, v. TACOMA RAILWAY & POWER
COMPANY, *Respondent*.[1]

TRIAL (143) — VERDICT — SPECIAL INTERROGATORIES — OBJECTIONS.
Where a jury, sent back to reconsider a verdict, is not polled as to
special interrogatories conflicting with the general verdict, appellant
cannot assign error in not instructing the jury to also reconsider
the special interrogatories.

SAME (141) — VERDICT — SPECIAL FINDINGS — INCONSISTENT WITH
GENERAL VERDICT—CONSTRUCTION. There is an irreconcilable incon-
sistency between a general verdict for plaintiff and the answer to
special interrogatories, making the latter controlling, where plain-
tiff's claim of negligence rested on the alleged fact that a street car
had come to a stop at a street intersection and the motorman sig-
nalled him to cross the tracks, which claims were negatived by the
special verdict, from which the plaintiff's contributory negligence
was conclusively established.

STREET RAILROADS (20, 28)—COLLISION WITH VEHICLE—CONTRIBU-
TORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. The driver of an auto-
mobile is guilty of contributory negligence in starting to cross the
tracks directly in front of an approaching street car which he saw
coming and which did not stop or signal him to proceed as he claims
it did.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered October 31, 1923,
in favor of the defendant, notwithstanding the verdict
of a jury rendered in favor of the plaintiff, in an
action in tort.  Affirmed.

*Carroll & Stewart*, for appellant.

*F. D. Oakley* and *L. L. Thompson*, for respondent.

HOLCOMB, J.—The collision between appellant's auto-
mobile and the street car of respondent, out of which
this action arises, occurred at about 5 o'clock p. m.,
April 21, 1922, at the intersection of Puyallup avenue
and A street, in Tacoma.  Puyallup avenue extends

[1]Reported in 226 Pac. 481.

east and west, and A street north and south.    Both
streets are paved from curb to curb.    Respondent
maintains parallel street car tracks along the center of
Puyallup avenue.    Appellant, driving west in his Ford
car, approached the intersection of Puyallup avenue
with A street at about the same time that the street
car of respondent, going west, or outbound from the
city, approached the intersection.    The evidence of
appellant was that, as he approached the street inter-
section, he extended his left arm horizontally as a sig-
nal of his intention to turn to his left at the street in-
tersection, and proceed along A street, and that he
slowed down the speed of his automobile to four miles
an hour or less as he approached the intersection.    He
testified that, as he approached the intersection, he
saw that the street car of respondent was standing
still on the opposite side of the street intersection, and
that as he gave his signal and started to turn across
the street car tracks, the motorman of the street car
signaled him to proceed across.    He said that he had
no more than turned in front of the street car than the
street car instantly started up at full speed and col-
lided with him.

The allegations of appellant as to negligence were
the same in substance as the evidence.

Respondent pleaded contributory negligence of ap-
pellant in operating his automobile and attempting to
pass in front of the moving street car in such careless
and negligent manner as to recklessly and unneces-
sarily place himself in a position of danger in front of
an approaching street car, so near that it was impossi-
ble to stop the car before colliding with the automobile.
Respondent also denied generally all the allegations of
negligence and liability contained in appellant's com-
plaint.

There is no evidence in the case which goes beyond the scope of the pleadings, so that the case is not one where an amendment of the pleadings may be considered to have been made to conform to the proof.

The jury, in addition to the general form of verdict, had submitted to them two special interrogatories, which, with the answers returned by them, were as follows:

"1.   Did the street car stop at or near the intersection of Puyallup Avenue and A Street just before the accident?

"Answer:  Did not come to a full stop.

"2.   Did the motorman signal the plaintiff to drive his automobile across the track in front of the street car?

"Answer:  No."

The jury returned a verdict in favor of the appellant in the sum of $600.  Respondent moved for a new trial, and also for judgment notwithstanding the verdict, which last motion the trial court granted.

The only error assigned is in granting the judgment n.o.v.

Appellant concedes the rule to be, under our statute, that a general verdict of a jury is controlled by a special verdict; but appellant contends that the answers and interrogatories in this case should be disregarded for the reason that the jury was not instructed to reconsider their answers to interrogatories when they retired a second time to reconsider their verdict after appearing in court and reporting a verdict, and being polled, answered nine for the verdict and three against it.   They were thereupon directed to retire and reconsider their verdict, being instructed that a vote of ten was necessary to a verdict, and nothing was said, upon sending them out to reconsider, about also reconsidering their answers to the interrogatories.  After

again retiring and reconsidering their verdict, they returned with the verdict heretofore mentioned, which was endorsed eleven votes for and one against, which was filed as the verdict in the case.    The jury was never specially polled on their answers to interrogatories.

If the jury were not polled on their answers to interrogatories, that was the neglect of appellant.    Appellant cannot now urge that the jury might not have meant to reach the conclusions stated in their answers to the special interrogatories.

The rule is well settled here that where there is an irreconcilable inconsistency between a general and a special verdict, the special verdict will control.    *Pepperall v. City Park Transit Co.*, 15 Wash. 176, 45 Pac. 743, 46 Pac. 407; *Gerhard v. Worrell*, 20 Wash. 492, 55 Pac. 625; *Crowley v. Northern Pacific R. Co.*, 46 Wash. 85, 89 Pac. 471; *Bullis v. Ball*, 98 Wash. 342, 167 Pac. 942; *Warwick v. Corbett*, 106 Wash. 554, 180 Pac. 928; and that where there is no evidence to sustain the general verdict aside from that adversely passed upon by the special verdict, then the court should enter judgment notwithstanding the verdict.    *Roe v. Standard Furniture Co.*, 41 Wash. 546, 83 Pac. 1109; *Bullis v. Ball* and *Crowley v. Northern Pacific R. Co., supra.*

In this case the situation is this: Appellant contended, and produces evidence to sustain, that the street car was standing at or near the intersection of the streets in question; that appellant gave his signal to turn to the left across the street car tracks; that thereupon the motorman of the street car signaled appellant to drive his automobile across the tracks in front of the street car.    There was disinterested testimony on behalf of respondent that the street car slowed up at or near the intersection; that it did not stop to let

passengers on or off; that it was running only ten or twelve miles an hour; that appellant suddenly turned to the left in front of the street car; that the motorman gave no signal to appellant to drive his automobile across the track in front of the car; and that the accident happened so suddenly that the motorman could not have brought his car to a stop before colliding with the automobile. The special findings of the jury conclusively controvert the contentions of appellant. The street car was not standing. It did not come to a full stop. The motorman gave no signal to appellant to drive his automobile across the track in front of the street car.

Consequently the situation is very much like that in *Bullis v. Ball, supra,* where a special finding of the jury completely absolved the defendant in that case from any violation of certain positive rules imposed upon him by ordinance, and therefore absolved him from any negligence.

In *Crowley v. Northern Pacific R. Co., supra,* we quoted with approval from the case of *Stevens v. Logansport,* 76 Ind. 498, as follows:

"A general verdict must be based on the issues formulated by the charge, based necessarily upon proof and ordinarily upon the pleadings. . . . When special verdicts also are rendered on all such issues, the general verdict, if inconsistent with them, must fail."

The determination by the jury that the street car did not stop, and that the motorman did not signal appellant to cross the street car tracks, compels the inevitable conclusion of law that appellant was guilty of contributory negligence. *Beeman v. Puget Sound Traction, L. & P. Co.,* 79 Wash. 137, 139 Pac. 1087; *Briscoe v. Washington-Oregon Corporation,* 84 Wash.

29, 145 Pac. 995; *Arpagaus v. Washington Water Power Co.,* 86 Wash. 83, 149 Pac. 346; *Fowler v. Seattle,* 90 Wash. 375, 156 Pac. 2; *Duford v. Seattle,* 115 Wash. 309, 197 Pac. 14; *Harris v. Seattle,* 118 Wash. 327, 203 Pac. 943; *Sadler v. Northern Pacific R. Co.,* 118 Wash. 121, 203 Pac. 10; *Hoopman v. Seattle,* 122 Wash. 379, 210 Pac. 783.

The judgment of the trial court was right. Affirmed.

MAIN, C. J., TOLMAN, MACKINTOSH, and PARKER, JJ., concur.